[Civ. No. 4067. Second Appellate District, Division One.—January 19, 1923.]

## GEORGINA ROSE TRUBE, Appellant, v. ARTHUR KATZ, Respondent.

[1] DECEIT—CHANGE OF POSITION—DISCHARGE—ACTION FOR DAMAGES —INSUFFICIENT COMPLAINT.—In an action for damages for deceit a complaint alleging that plaintiff had been employed by a firm of which defendant was a member, that on a certain day "defendant for the purpose of willfully deceiving the plaintiff with the intent to deceive her to alter her position to her injury or risk" stated to plaintiff that he was transferring her from her position as saleslady to that of assistant buyer for the firm at an increased salary, that defendant attempted certain immoral conduct toward her to which she refused to consent, "that she then and there and thereupon discovered and learned for the first time that she had not been appointed assistant buyer . . . and that said representations made . . . by the defendant . . . were wholly untrue and so made by defendant for the purpose of deceiving plaintiff," and that by reason of said deceit she was discharged from her position as saleslady, to her damage in a specified sum, but which does not allege that she was discharged from her position as assistant buyer, or that defendant made said contract employing her as assistant buyer without any intention to perform the same, does not state a cause of action.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank A. McDonald for Appellant.

Isaac Pacht and Newby & Palmer for Respondent.

CONREY, P. J.—The court having sustained defendant's demurrer to the plaintiff's third amended complaint, without leave to amend, entered judgment in favor of the defendant. Plaintiff appeals from the judgment.

Appellant admits that the complaint did not state a cause of action for damages resulting from an assault. Her only contention is that she has stated a cause of action on account of deceit whereby she was caused to alter her position to her injury (Civ. Code, sec. 1709).

[1] The complaint alleges that the defendant was a member of the firm of Katz Brothers, engaged in merchandising business; that from the first day of July, 1919, to the eighteenth day of December in that year she was employed by said firm as saleslady at a salary of two hundred dollars per month; that on the eighteenth day of December, 1919, "defendant for the purpose of willfully deceiving the plaintiff with the intent to deceive her to alter her position to her injury or risk," stated to the plaintiff that he was transferring her from the position of saleslady to the position of assistant buyer for the stores of the firm, and that from that day her salary would be the sum of three hundred dollars per month; that he instructed her to go with him to the city of New York for the purposes of her said employment as assistant buyer, and that they left the city of Los Angeles for the city of New York on the twentieth day of the said month of December. She alleged certain attempted immoral conduct of the defendant toward her on said train on the night of December 21, 1919, to which she refused to consent; "that she then and there and thereupon discovered and learned for the first time that she had not been appointed such assistant buyer at said salary, or any other sum or salary, and that in said or any other capacity, it was not necessary for her to leave Los Angeles . . . and that said representations made to her as aforestated by the defendant that she was transferred, appointed to and given said position of assistant buyer at said salary, and that in and about her duties as such she would be required to leave Los Angeles over said Santa Fe Route were wholly untrue

and so made by defendant for the purpose of deceiving plaintiff that he might have her on said train for the sole purpose of having said unlawful sexual intercourse with her''; further, "that by reason of said deceit practiced upon the plaintiff by the defendant, she was discharged from her position as such saleslady in which position she was earning the sum of two hundred dollars per month, and ever since has been without such or any other position, being wholly unable to obtain such, or any other position, to her actual damage in the sum of two thousand five hundred dollars.''

It is not alleged that the plaintiff was discharged from her position as assistant buyer, or that the defendant made said contract employing her as assistant buyer without any intention to perform the same. Since the defendant was one of the partners in the firm of Katz Brothers, he had authority to enter into a contract on behalf of the firm, whereby she was so employed. Since by such employment her salary was increased, she did not, by accepting such employment, "alter her position to her injury." If she has any cause of action, it is a cause of action against said firm arising out of a contract made in its behalf. The allegation that she learned that she had not been appointed such assistant buyer is contradicted by the particular facts alleged, which show that in fact she was so appointed.

As we have noted, appellant concedes that she did not state a cause of action for assault. Aside from any defects in the statement of the facts concerning the assault, it is admitted that the action was not commenced until more than one year after the twenty-first day of December, 1919, and that therefore any cause of action for assault is barred by the provisions of section 340, subdivision 3, of the Code of Civil Procedure.

The judgment is affirmed.

James, J., and Houser, J., concurred.