**CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, a corporation, Plaintiff-Appellant,**

**v.**

**The UNITED STATES of America, Defendant-Appellee.**

**No. 11254.**

United States Court of Appeals,
Seventh Circuit.

April 18, 1955.

T. G. Schuster, Chicago, Ill., Eldon Martin, C. W. Krohl, Andrew C. Scott, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., Alexander O. Walter, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

In 1944 and 1945 the United States shipped twelve carload shipments of war material by railroad freight. Nine of the shipments moved from Garland, Texas, to Proving Ground, Illinois. The other three moved from Chicago to Fort Crook, Nebraska. All shipments were composed of internal combustion engines. The nine moving to Proving Ground, Illinois, were for use in "tracked motor carriages" such as gun carriages, bulldozers, medium tanks and tank recovery vehicles. The three shipments to Fort Crook, Nebraska were "aircraft engines".

The United States paid the freight charges as billed under the tariff classi-

fication "Agricultural implements and other articles". In 1950, claiming the correct classification for such shipments should have been "Automobile parts" the United States cut back freight charges due on other shipments, and this suit was brought by the Railroad under the Tucker Act, 28 U.S.C.A. § 1346, to recover $1 032.19 which was the difference in freight charges under the two classifications hereinbefore described. Judgment was entered for the defendant.

The commodity "internal combustion engines" appears in the tariff under two separate headings. Under the classification "Agricultural implements and other articles" it is listed as follows: "Engines, steam or internal combustion, NOIBN."[1] This classification takes a 40% of first class rating for rate-assessment purposes. Under the classification "Automobile parts" it is listed as "Engines, internal combustion, including fuel tanks". This classification takes a 35% of first class rating. Neither aircraft engines nor tank engines are listed separately in the tariff.

 The case was submitted to the District Court upon a stipulation of facts and certain documentary exhibits offered by agreement. There is here no question of credibility of witnesses. Under such circumstances this Court may reach its own conclusion and order judgment accordingly. Benrose Fabrics Corp. v. Rosenstein, 7 Cir., 183 F.2d 355, 358; Bowles, Adm'r Office of Price Administration v. Carnegie-Illinois Steel Corporation, 7 Cir., 149 F.2d 545, 546; Wigginton v. Order of United Commercial Travelers of America, 7 Cir., 126 F.2d 659, 661. Furthermore, when an appeal presents a question of tariff interpretation or construction the lower court's decision may usually be reviewed as a question of law. Great Northern R. Co. v. Merchants' Elevator Co., 259 U.S. 285, 290, 291, 42 S.Ct. 477, 66 L.Ed. 943.

 In interpretation of tariffs the terms used must be taken in the sense in which they generally are understood and accepted. There was nothing about the shipment of "aircraft engines" to indicate they should be classified as "Automobile parts". Nor do we think that the term "Automobile parts" is broad enough in meaning to be descriptive of tank engines. Exhibit 3A discloses that the tanks, bulldozers and tank recovery vehicles did not operate on wheels like an automobile but on caterpillar treads, and they also mounted sizeable guns.

A case similar in many respects to the case at bar is United States v. Missouri-Kansas-Texas R. Co., 5 Cir., 194 F.2d 777, 779. There airplane tank and marine internal combustion engines were shipped. The government there, as here, contended that "Automobile parts" was the correct classification. The railroads contended the proper classification was under "'Agricultural Implements and other Articles.'" The Court agreed with the contention of the railroads pointing out that under this heading is included "'Engines, Steam or Internal Combustion, N.O.I.B.N. (not otherwise indexed by name).'" The Court said, at page 779: "The articles shipped come under the broad caption 'other articles.' They were aircraft, tank, and boat internal combustion engines not otherwise indexed by name."

We think the decision of the Court in United States v. Missouri-Kansas-Texas R. Co., supra, was correct. We hold that the shipments to Proving Ground, Illinois, as well as the shipments to Fort Crook, Nebraska, were properly classified under "'Agricultural Implements and other Articles.'" It follows that the District Court should have entered judgment for the plaintiff pursuant to the demand of the complaint.

Reversed with direction that judgment be entered in favor of the plaintiff.

---

1. The term "NOIBN" often is used in carrier tariffs and has been defined to mean "Not otherwise indexed by name".