**SOUTHERN PACIFIC COMPANY,**
Appellant,

v.

**BROWN, ALCANTAR & BROWN, INC.,**
et al., Appellees.

No. 25580.

United States Court of Appeals
Fifth Circuit.

April 15, 1969.

William J. Derrick, El Paso, Tex., for appellant.

R. Caballero, Asst. U. S. Atty., Don Studdard, El Paso, Tex., for appellees.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

DYER, Circuit Judge:

We granted South Pacific leave to file a second petition for rehearing in this case because, for the first time, it extrapolated a definition of the term "diversion or reconsignment" in a freight tariff, which authorizes a reconsignment after the shipment reaches a destination,[1] and called our attention to the significant fact that Southern Pacific applied a through rate from the initial point to that of final delivery, rather than the

---

1. "The term 'Diversion or Reconsignment' means:

&ast; &ast; &ast; &ast; &ast;

(a) Any other instructions given by consignor, consignee, or owner necessary to effect delivery, which requires a change of billing or an additional movement of the car, or both."
Item 115, Freight Tariff 32–P

regular rate from El Paso to destinations as provided for in the tariff.[2]

■ It is axiomatic that filed tariffs have the force of law. Compania Anonima Venezolana de Navegacion v. A. J. Perez Export Co., 5 Cir. 1962, 303 F.2d 692, cert. denied, 1962, 371 U.S. 942, 83 S.Ct. 321, 9 L.Ed.2d 276. In Fulton Chestnut v. Chicago, Burlington & Quincy R. R. Co., 1935, 208 I.C.C. 456, 459, we are told:

> When the original contract was entered into, and so long as the shipment was in the carrier's possession thereunder, the contract was subject, not only to all applicable provisions of law, but also to all applicable tariff provisions, including those of defendant's diversion or reconsignment tariff, and to an exercise of the shipper's right under that tariff. In contemplation of law, all such provisions were part of the contract itself. Unless in fact and in law terminated by acceptance of delivery and removal of the shipment from the carrier's possession, properly to be accompanied by payment of all charges then and there due and payable, such a contract is subject to an extension by amendment in some appropriate form pursuant to the provision of the diversion or reconsignment tariff.

■■ The application of a through rate, vis-a-vis an intermediate rate, distinguishes a reconsignment from a reshipment. As pointed out in Detroit Traffic Assoc. v. Lakeshore & Michigan Southern Ry. Co., 1911, 21 I.C.C. 251, 258:

> Reconsignment, as technically understood, is a privilege extended by carriers to shippers under which goods may be forwarded to a point other than their original destination, without

removal from the car and at the through rate from the initial point to that of final delivery. This application to the shipment of the through rate—which is often less than the sum of the intermediate rates in and out of the point of original destination—is the distinctive feature of reconsignment, and separates it from reshipment, which is otherwise quite similar.

■ Applying the tariff provisions that have now been presented to us to the undisputed facts in this case, we are impelled to conclude that as to Brown, the contract of carriage was not terminated in El Paso, and that Pere Marquette Railway Company v. J. F. French & Company, 1921, 254 U.S. 538, 41 S.Ct. 195, 65 L.Ed. 391, is inapposite. It follows that when Brown exercised substantial control over the cars, directing the carrier to transport them from El Paso to Ysidro and Calexico, California, without notifying the carrier in writing that it was acting as agent only, and giving the carrier the name and address of the beneficial owner of the property, Brown became liable for the accrued freight charges as a diverting consignee under the provisions of 49 U.S.C.A. § 3 (2). Northwestern Pac. R. R. Co. v. Burchwell Co., Inc., 5 Cir. 1965, 349 F.2d 497.

What we have here said does not change our original opinion concerning the non-liability of Commodity. It was not a diverting consignee and cannot be held liable under § 3(3) or *Burchwell*.

The original opinion in this cause is modified by this opinion on rehearing. The judgment as to Commodity is affirmed. The judgment as to Brown is reversed, and the cause is remanded to the District Court with directions to enter judgment for Southern Pacific.

2. "If a car is diverted or reconsigned on orders placed with local freight agents or other designated officers of the road haul delivering carrier, after arrival of the car at billed destination, but before placement for unloading, the through rate * * * will be applied * * *" Rule 10, Freight Tariff 32–P