Martha Zelman, J.
Plaintiff, Abraham Cooper, seeks damages in the amount of $745.40 representing a claim for lost baggage, namely, a golf bag and its contents. Plaintiff testified that he booked passage for himself and his baggage with defendant, Delta Air Lines, on Flight 1072, June 19, 1975, from Fort Lauderdale, Florida, to New York; that he was issued Receipt No. 61-908 by defendant, Delta (representing lost baggage); that he was unable to get on the flight at Delta, although his baggage went through Delta Air Lines. He himself flew on Flight 750 of Eastern Airlines. When he went to claim his baggage at Delta in New York, said golf bag and its contents were missing. Plaintiff offered an itemized bill from Golf Sport Center Florida in the sum of $713.34 representing his claim. Said bill was in compliance with CPLR 4533-a. It was admitted into evidence. Defendant, Delta, vigorously denies any liability and contends that should Delta be found liable, its liability is limited by tariffs on file with the Civil Aeronautics Board to the actual value of goods lost not to exceed $500.
The court finds that the contract of carriage as represented by the air waybill is subject to applicable tariffs. These tariffs are required by subdivision (a) of section 403 of the Federal *53 Aviation Act of 1958 to be filed with the Civil Aeronautics Board (hereinafter referred to as CAB) by every air carrier (US Code, tit 49, § 1373, subd [a]). Once accepted by CAB these tariffs become valid and effective. (See Butler’s Shoe Corp. v Pan Amer. World Airways, 514 F2d 1283; Blair v Delta Air Lines, 344 F Supp 360, affd 477 F2d 564; Crosby & Co. v Campagnie Nationale Air France, 76 Misc 2d 990, affd 42 AD2d 1050.) Defendant Delta’s tariffs on file with CAB limits Delta’s liability in any event to the sum of $500. (See rule 370 of the Local and Joint Passenger Rules Tariff, par PR-6.) Therefore, the court finds that it is clearly stated that should plaintiff be successful and prevail in this action his damages would be limited to $500. The court in the case of Crosby & Co. v Compagnie Nationale Air France (76 Misc 2d 990, 1002, supra) stated " 'The tariffs are both conclusive and exclusive; they may not be added to through reference to outside contracts or agreements or understandings or promises.’ ”
Defendant, Delta, through its witness, Charles O’Neal Bishop, Manager of Customer Relations, Baggage Department, for Delta Air Lines, testified that he was with Delta for 16 years, most of which was in the capacity of Manager of Customer Relations, dealing with baggage. He testified that there was a computer in Atlanta which entered information available to all airlines with respect to any claims made in the regular course of business of the airline. According to his testimony, plaintiff, Cooper, had made a baggage claim for lost baggage against Northeast on August 10, 1969; a claim for lost baggage against Delta on March 7, 1973; a claim for lost baggage against National Airlines on June 28, 1974; a claim for lost baggage against Delta on October 9, 1974, and another claim for lost baggage not computerized then on July 26, 1969. Attorney for plaintiff argued vigorously, that in a civil case evidence that a person acted in the same or similar manner on other unrelated occasions, was inadmissible. The court overruled said objections and allowed this testimony to come in. Ordinarily in a civil case evidence of other similar acts put forward as proof that a person acted in a certain manner or with a particular state of mind on the occasion in question is inadmissible. (See Richardson, Evidence [10th ed], § 184.) However, Richardson does point out that this rule does not exclude evidence of the collateral act if the act has relevancy to the issue beyond the fact of mere similarity. Thus in an action to recover damages for fraud, for the purpose of showing scienter, evidence of other and "contemporaneous” transactions of *54 a similar character perpetrated by the defendant is admissible, (See Matter of Booth, 215 App Div 516, 518; Chiba v Kurutz, 263 App Div 33, 34; see, also, Altman v Ozdoba, 237 NY 218; Boyd v Boyd, 164 NY 234.) In the case of Ozdoba (supra), in which an action was brought on a note against an indorser who claimed that his indorsement was forged, the court there held (p 222) that the evidence was admissible to show "that other indorsements upon the same or other notes linked to and part of the original transaction coming from the same person were also forgeries.” This evidence was competent to show the whole plan and scheme of the one giving the notes, and tended logically to support the indorser’s claim that his signature was likewise a forgery.
The court therefore finds that evidence of prior baggage claims by Mr. Cooper against Delta and other airlines is admissible in this action notwithstanding the general rule, by virtue of the two exceptions. One: evidence is admissible for the purpose of showing scienter, where it is of other and contemporaneous transactions of a similar character, and two: if the collateral facts sought to be shown is to be connected with the acts in issue that each forms a common scheme or plan. Plaintiffs four previous baggage claims suits each were for his golf clubs and contents and were for the same act. Each prior claim paralleled the other, and paralleled the case at bar, and followed closely in terms of time. These actions followed so closely in their nature and timing that the court finds that there was evidence that the complaint before the court may not have been brought in good faith. The witness for Delta, Mr. Bishop, testified that it was quite possible to still remain with a receipt although the baggage had been returned to the passenger from the system by which one picks up his baggage upon landing at his destination. The "information bank” at Atlanta showed that out of the four previous claims by Cooper, two were lodged against Eastern, and two against Delta. Delta, he testified, was a successor in interest to Northeast. To date, Mr. Cooper is up to five baggage claims. Therefore, this court finds that admitting evidence of a previous course of behavior so like the course of behavior in bringing this action is admissible in a civil case. The cause of action for damages brought by plaintiff is dismissed and judgment is granted for Delta and Eastern Airlines.