459 So.2d 440 (1984)
BELLA BOUTIQUE CORPORATION, Appellant,
v.
VENEZOLANA INTERNACIONAL DE AVIACION, S.A. (VIASA AIRLINES) Appellee.
No. 83-2999.
District Court of Appeal of Florida, Third District.
November 20, 1984.
*441 Alfred Aronovitz, Miami, for appellant.
Thornton & Herndon and Edward Herndon and Gail V. Ferrington, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.

ON MOTION FOR REHEARING GRANTED
NESBITT, Judge.
VIASA's motion for rehearing is granted. Our prior opinion filed August 7, 1984 is withdrawn and the following opinion is substituted.
Bella Boutique appeals from a summary final judgment entered in favor of Venezolana Internacional de Aviacion, S.A. (VIASA), the defendant below. We affirm.
The facts relevant to this appeal are as follows. On November 18, 1981, Bella Boutique engaged VIASA, an international air carrier, to ship cargo from Miami to a consignee in Paraguay. The air way bill was issued by VIASA on that date. The ultimate fate of the cargo is unknown, but apparently it never reached the consignee in Paraguay. Approximately three weeks after the air waybill was issued and the cargo left Miami, Bella Boutique notified, by telephone, VIASA's Miami office about the nondelivery of the cargo. The first written notice of claim was not served on VIASA until on or about June 25, 1982.
VIASA moved for summary judgment on the ground of untimely written notice of claim. VIASA argued to the trial court that both its tariff and its contract with Bella Boutique required a written notice of claim to be served on VIASA within 120 days from the issuance of the air waybill. The trial court agreed, found that the undisputed facts showed written notice was served beyond the 120-day period, and entered final summary judgment in favor of VIASA. This appeal followed.
As an international carrier, VIASA operates subject to the Federal Aviation Program. 49 U.S.C.A. § 1301 et seq. (1976). Pursuant to this program, all air carriers are required to file tariffs with the Civil Aeronautics Board showing all rates, fares and charges for air transportation and all classifications, rules, regulations, practices and services in connection with such air transportation. 49 U.S.C.A. § 1373(a).[1] It is axiomatic that once a tariff is filed by a carrier and accepted by the Board, it has the force and effect of law. Southern Pacific Co. v. Brown, Alcantar & Brown, Inc., 409 F.2d 1331 (5th Cir.1969). A validly filed tariff constitutes the contract of carriage between the parties and conclusively and exclusively governs the rights and liabilities between the parties. United States v. DeBerry, 487 F.2d 448 (2d Cir.1973); Tishman & Lipp, Inc. v. Delta Air Lines, 413 F.2d 1401 (2d Cir.1969); Blair v. Delta Air Lines, Inc., 344 F. Supp. 360 (S.D.Fla. 1972), aff'd, 477 F.2d 564 (5th Cir.1973).
Pursuant to the requirement of section 1373, VIASA had on file with the Board, Cargo Rules Tariff No. CR-3, C.A.B. No. 48,[2] on November 18, 1981, the date VIASA issued the air waybill to Bella Boutique. Rule No. 23 of this tariff in pertinent part states:
RULE NO. 23: TIME LIMITATIONS ON CLAIMS AND ACTIONS
... .
(B) No action shall be maintained in the case of damage to or partial loss of cargo unless a written notice, sufficiently describing the cargo concerned, the approximate date of the damage, and the details of the claim is presented to an office of Carrier within 7 days *442 from the date of receipt thereof, in the case of delay unless presented within 14 days from the date the cargo is placed at the disposal of the person entitled to delivery of the consignment, and in the case of loss (including non-delivery) unless presented within 120 days from the date of issue of the air waybill.
Our examination of the tariff reveals that Rule No. 23(B), relied upon by VIASA, has six exceptions following it. Exception 6, applicable to VIASA,[3] states:
No action shall be maintained in the case of loss (including NON-DELIVERY) unless presented within 30 days from the date of issuance of the air waybill.
It is clear that with regard to claims against VIASA for loss, including non-delivery, as in the present case, Exception 6 is meant to modify Rule No. 23(B) of the tariff.
Apparently neither party bothered to read the exceptions following the alleged dispositive tariff rule. As a result, the trial court was misinformed about the controlling rule. Consequently, the summary judgment was entered on the basis of Bella Boutique's failure to comply with Rule No. 23(B), without regard to Exception 6. In order to ascertain whether the summary judgment was proper, therefore, we must determine how Exception 6 modifies the rule, and whether the modification results in any disputed issues of material fact.
The construction of a tariff ordinarily presents a question of law. Emery Air Freight Corp. v. United States, 205 Ct.Cl. 49, 499 F.2d 1255, 1259 (1974). Cf. Great Northern Railway v. Merchants Elevator Co., 259 U.S. 285, 290, 42 S.Ct. 477, 66 L.Ed. 943 (1922) ("Every question of the construction of a tariff is deemed a question of law... ."); Penn Central Co. v. General Mills, Inc., 439 F.2d 1338, 1340 (8th Cir.1971) (interpretation of tariff normally presents a question of law). Although any ambiguity in a tariff should be construed against the carrier, such ambiguity or doubt must be a reasonable one. There must be a substantial and not mere arguable basis in order to justify resolving the doubt against the carrier. Penn Central. The terms of a tariff should be given their ordinary meaning, and strained or unnatural constructions are not permitted. Emery Air Freight.
In the present case, we find that the most reasonable construction of the exception as it relates to the tariff rule is that it merely modifies the rule by reducing the time period in which to present claims for loss or non-delivery from 120 days to 30 days. It does not, however, eliminate the requirement of a written notice of the claim. If we strictly adhered to a literal construction of Exception 6, it would require that an "action" be presented within 30 days of the issuance of the air waybill. This, however, would be an unusual, unfair and unreasonable construction, and is not permitted. See Emery Air Freight; Penn Central. Therefore, to determine what must be "presented" under Exception 6, we must refer back to Rule No. 23(B) to which the exception relates. The rule contains precisely the same language as the exception ("in the case of loss (including non-delivery) unless presented within [120/30] days ... ."), and it is clear that what must be presented is the written notice referred to earlier in the rule.
The undisputed facts indicate that the first written notice of claim from Bella Boutique to VIASA was sent more than seven months after the date the air waybill was issued. Since this written notice of claim was not received within the 30-day period following the issuance of the air waybill, in accordance with VIASA's tariff rules, Bella Boutique's claim against VIASA is barred. See Butler's Shoe Corp. v. Pan American World Airways, Inc., 514 F.2d 1283 (5th Cir.1975). Any oral notice given by Bella Boutique would be insufficient in the face of the writing requirement of the tariff rule. See Denby v. Seaboard *443 World Airlines, Inc., 575 F. Supp. 1134 (E.D.N.Y. 1983); Talei v. Pan American World Airways, 132 Cal. App.3d 904, 183 Cal. Rptr. 532 (Ct.App. 1982). Accordingly, despite the fact that the trial court was misinformed about the applicable tariff rule, the summary judgment in favor of VIASA was proper.[4]
Upon the foregoing analysis, the summary final judgment is affirmed.
NOTES
[1] All functions, powers and duties of the Civil Aeronautics Board were terminated or transferred by Pub.L. 95-504, § 40(a), Oct. 24, 1978, 92 Stat. 1744, effective on or before January 1, 1985. To the extent section 1373 relates to interstate and overseas air transportation of persons and the authority of the Board with respect thereto, the section ceased to be in effect on January 1, 1983. 49 U.S.C.A. § 1551(a)(2)(B).
[2] This tariff applied not only to VIASA but to a great number of other air carriers as well.
[3] Exception 6 under Rule No. 23(B) indicates that it is applicable only to "VA". The tables on pages six and eight of the tariff indicate that "VA" is the abbreviation for VIASA.
[4] The trial court also based its summary judgment on Bella Boutique's failure to comply with the notice requirements reflected in the contract of carriage. The contract was specifically made subject to VIASA's tariffs in paragraph 2(b)(iii) of the contract. Even without this provision, however, the tariff would have become an integral part of the contract, Hycel, Inc. v. American Airlines, Inc., 328 F. Supp. 190 (S.D.Tex. 1971), and the contract would have been subject to the terms of the tariff. Cooper v. Eastern Airlines, Inc., 90 Misc.2d 52, 393 N.Y.S.2d 306 (Civ.Ct. 1977). The Supreme Court has held that "[u]ntil changed, tariffs bind both carriers and shippers with the force of law." Lowden v. Simonds-Shields-Lonsdale Grain Co., 306 U.S. 516, 520, 59 S.Ct. 612, 614, 83 L.Ed. 953 (1939). An air carrier's tariff is both conclusive and exclusive, and it may not be added to through outside contracts, agreements, understandings or promises. Slick Airways, Inc. v. United States, 154 Ct.Cl. 417, 292 F.2d 515 (1961). See also Chicago, Burlington & Quincy RR v. Ready Mixed Concrete Co., 487 F.2d 1263 (8th Cir.1973); United States v. Associated Air Transport, Inc., 275 F.2d 827 (5th Cir.1960). In the event of any inconsistency between a tariff and a contract of carriage, the tariff must control. Northwest Airlines, Inc. v. United States, 195 Ct.Cl. 356, 444 F.2d 1097 (1971); Slick Airways. Accordingly, any attempt by means of contract on the part of VIASA or a shipper to change the notice requirement covered by VIASA's tariff rules would be ineffectual. In the present case, therefore, Rule No. 23(B), Exception 6 is binding on both VIASA and Bella Boutique, and it conclusively and exclusively governs their rights concerning when and what type of notice must be presented on a claim for loss or non-delivery.