**FREIGHTCOR SERVICES, INC.**

v.

**SCM CHEMICALS, INC.**

**Civ. No. Y-90-2211.**

United States District Court,
D. Maryland.

March 4, 1991.

Michael J. Goergen, Joseph L. Steinfeld, Jr., Robert B. Walker and John T. Siegler, Washington, D.C., for plaintiff.

Stuart G. Breslow, Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing that there is no genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). If the moving party makes a sufficient showing, the non-moving party must then present affirmative evidence demonstrating that there are genuine disputes of material fact that must be resolved before its claims can be decided. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1987). The moving party is entitled to summary judgment "as a matter of law" if the non-moving party fails to make such an affirmative showing. *Id.* at 322-23, 106 S.Ct. at 2552.

The Revised Interstate Commerce Act, 49 U.S.C. 10101, *et seq.*, and more specifically 10761(a), requires all interstate motor

common carriers operating pursuant to authority issued by the ICC to file tariffs with the ICC. Once a tariff is published, the rate contained therein becomes the rate imposed by law. *S. Pacific Co. v. Bonn Alcanter & Bonn, Inc.*, 409 F.2d 1331, 1332 (5th Cir.1969); *Atchison, Topeka and Santa Fe Railway Co. v. Bouziden*, 307 F.2d 230, 234 (10th Cir.1962).

SCM Chemicals, Inc., Defendant, is a manufacturer of titanium dioxide, a pigment used in various products, such as paint, plastics and paper. The pigment is manufactured at three domestic locations and is generally shipped in fifty pound bags. In accordance with the Revised Interstate Commerce Act, Defendant shipped titanium dioxide with Freightcor Thermo Services, Inc., Plaintiff, under freight tariff ICC FTHS 278, which was filed by Freightcor, effective January 1, 1985.

Freightcor seeks to recover undercharges in the amount of $38,943.22, asserting that, under the "fixed rate doctrine", the carrier is obligated to collect the filed rate from the shipper, permitting no deviation or negotiation.[1] *Thurston Motor Lines v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 534–35, 103 S.Ct. 1343, 1343–44, 75 L.Ed.2d 260 (1983); *Louisville & Nashville R. Co. v. Maxwell*, 237 U.S. 94, 97, 35 S.Ct. 494, 495, 59 L.Ed. 853 (1915); *Armour Packing Co. v. U.S.*, 209 U.S. 56, 81, 28 S.Ct. 428, 435, 52 L.Ed. 681 (1908). This was reaffirmed in *Maislin Ind., U.S., Inc. v. Primary Steel, Inc.*, 497 U.S. ——, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990), where the Supreme Court concluded that the shipper is obligated to pay the carrier the filed rate even though the two parties have negotiated a lower rate. *See also Robert Yaquinto, Jur., Trustee for Caravan Refrigerated Cargo, Inc. v. Supreme Beef Processors, Inc.*, No. 3–87–2274–R, 1988 WL 79493 (N.D.Tex. Jan. 20, 1988), *aff'd*, 864 F.2d 388 (5th Cir.1989), *cert. denied*, 497 U.S. ——, 110 S.Ct. 3254, 111 L.Ed.2d 763 (1990) (court rejected affirmative defense of detrimental reliance upon negotiated rates) and

*Feldspar Trucking Co., Inc. v. Greater Atlanta Shippers Assoc. Inc.*, No. 1:87–cv–575–RCF, slip op. at 4 (N.D.Ga. April 13, 1989), *aff'd*, 912 F.2d 1469 (11th Cir.1990) (equitable defenses cannot defeat the filed tariff rates). Freightcor states that it incorrectly charged defendant a rate which was not contained in a filed tariff and now simply seeks to apply the correct filed charges. *See* Plaintiff's Exhibits B–1 through B–155.

SCM opposes the motion and moves for partial summary judgment[2] as to Plaintiff's Exhibits B–1 through B–130, arguing that the filed rate doctrine does not apply since there was never any other rate, negotiated or otherwise, than that which was filed with the ICC. In fact, Freightcor concedes as much in its *Statement of Material Facts*, wherein it states,

> [t]his proceeding involves the collection of freight charges pursuant to Freightcor's interstate motor common carrier tariffs filed with the Interstate Commerce Commission (hereinafter "ICC"). Freightcor operated at all times under consideration in these proceedings as a motor common carrier transporting freight in interstate commerce pursuant to authority issued by the ICC. In compliance with 49 U.S.C. Section 10761(a), Freightcor was required to charge its customers in accordance with the tariffs it had on file with the ICC.

Plaintiff's Motion at 1. SCM argues that the issue is simply one of interpreting the tariff.

■ The issue in dispute requires an analysis of Items 1026 and 155. Section 8, Item 1026 is entitled "Rates in Cents Per 100 Pounds, *Except As Otherwise Provided.*" (emphasis supplied). It then states "MILEAGE COMMODITY RATES", charging SCM varying "RATES IN CENTS PER LOADED MILE" to different cities up to a maximum weight of 45,000 pounds. The item specifically applies to "PAINT and RELATED MATERIALS, as described

---

1. Freightcor also requests prejudgment interest at the legal rate of interest after the date of the original freight bills.

2. Freightcor has filed a cross-motion for summary judgment and the parties agree there is no factual issue in dispute.

in NMFC Item 149980. TITANIUM DIOX-IDE." *See* Exhibit C of Defendant's Opposition and Cross-motion for portions of referenced tariff. Section 5, Item 155 provides for the "RULES AND APPLICATION OF RATES" and states that "[w]hen freight in truckload quantities is prepared for shipment in conformity with packing requirements and, in addition, is loaded on pallets, platforms, skids, or in bins ... rates will include the transportation of the pallets, platforms, bins, or skids, not to exceed 1,000 pounds (NOTE A)...." Note A of Item 155 states that the weight of the pallets, platforms, bins and skids "in excess of 1000 pounds shall be assessed at the rate applicable to the article being transported thereon."

Freightcor would have this Court read Item 1026 as requiring a *total* weight, including the pallets, platforms, bins and skids, of 45,000 pounds. *See* Frank Ashley Affidavit at 4. Any excess weight, after deducting 1000 pounds as allowed by Item 155, must then be rated from an applicable item which does not contain the maximum weight restriction, which Freightcor suggests is Item 1050. *See* Plaintiff's Exhibit B–166.[3]

SCM argues, through the affidavit of James P. Murphy, President of Freightcor Services at the time the tariff went into effect, that the 45,000 pounds under Item 1026 affects only the commodity. Any excess weight, after the 1000 pound deduction allowed in Item 155, is to be assessed at "the rate applicable to the article being transported thereon" as stated in Note A. This is the accurate construction of the tariff.

▮ In interpreting tariffs, the terms used must be taken in the sense in which they are understood and accepted. *Penn Central Co. v. General Mills, Inc.*, 439 F.2d 1338, 1341 (8th Cir.1971); *Chicago B. & O.R. Co. v. United States*, 221 F.2d 811, 812 (7th Cir.1955); *See also United States v. Missouri–Kansas–Texas R. Co.*, 194 F.2d 777, 778–79 (5th Cir.1952). Any ambiguity

in the tariff is to be construed against the carrier since the carrier drafted the tariff. *Penn Central Co., supra.*

Item 1026 addresses the commodity only. It does not specify the rates for pallets, platforms or bins, nor does it even mention these objects. The weight of those objects are specifically addressed under Item 155. Thus, the terms used in Item 1026 are understood to assess rates for the commodity, titanium dioxide, only. Furthermore, Item 1026 explicitly states that Freightcor charged SCM rates in cents per loaded mile rather than rates in cents per 100 pounds.

Item 155 denotes that if the freight, titanium dioxide, is prepared in conformity with packing requirements (under Item 1026 that would mean limited to 45,000 pounds), then the total weight of the pallets and platforms may not exceed 1000 pounds. If that weight does exceed 1000 pounds, then the excess of 1000 pounds will be assessed at "the rate applicable to the article being transported thereon." Note A(a). The rate applicable to the article being transported thereon would be the rate charged under Item 1026, which is what SCM was charged and what SCM paid to Freightcor.

Thus, it is not necessary to refer to Item 1050. In fact, Item 1050 applies to Chemicals, Drugs, Toilet Preparations, and Related Articles Therein and does not pertain to platforms.

Since there is no factual issue in dispute, and the issue is one of interpretation of the tariff, Defendant's counter-motion for partial summary judgment on Exhibits B–1 though B–130 will be granted and Plaintiff's motion for summary judgment as to these bills will be denied.

Defendant does not address freight bills represented by Exhibits B–131 through B–155, except under the umbrella argument that the filed rate doctrine does not apply. Although the doctrine is inapplicable, Defendant did not submit any evidence to show a factual issue in dispute as to these

---

**3.** Item 1050 publishes mileage commodity rates in cents per hundred pounds based on a minimum weight of 40,000 pounds. These rates are subject to the 3 percent increases shown in supplements 2 and 3 (Plaintiff's Exhibits B–158 through B–161).

 

exhibits. Plaintiff's motion for summary judgment as to these bills will be granted.