SECURITY SERVICES, INC., f/k/a Riss International Corporation, Plaintiff,

v.

ED SWIERKOS ENTERPRISES, INC., Defendant.

No. C2–91–942.

United States District Court, S.D. Ohio, E.D.

Feb. 10, 1993.

**912**

Timothy J. Boone, Sellman & Boone, Columbus, OH, Joseph L. Steinfeld, Jr., Sims, Walker & Steinfeld, P.C., Washington, DC, for plaintiff.

David M. Greim, Muldoon, Pemberton & Ferris, Worthington, OH, for defendant.

## MEMORANDUM AND ORDER

BECKWITH, District Judge.

### Background

This matter is currently before the Court on the cross motions for summary judgment filed by the Plaintiff and the Defendant in this action. The Plaintiff in this case was a motor common carrier operating in interstate commerce under authority from the Interstate Commerce Commission ("ICC"). The Plaintiff had previously transported freight for the Defendant in interstate commerce. In 1989, the Plaintiff filed in Missouri for reorganization under Chapter 11 of the Bankruptcy Code. In 1990, the Bankruptcy Court ordered Trans–Allied Audit Company, Inc. ("Trans–Allied") to perform a freight audit contract of the Plaintiff's freight bills to determine if the freight bills had been properly rated and paid according to the tariffs filed by the Plaintiff with the ICC.

Trans–Allied's audit allegedly determined that the Plaintiff had undercharged various shippers, including the Defendant. According to Trans–Allied, the Defendant owes the Plaintiff the amount of $4,520.00 for certain undercharges under the applicable tariffs. The Plaintiff filed this suit to collect the undercharges allegedly due from the Defendant for freight shipments during the period of September 21, 1989 through October 5, 1989. The dispute in this case concerns the validity of the Plaintiff's tariff which purports to apply common carrier tariff rates based on mileage. The case is presently before the Court to consider the cross motions for summary judgment.

### Standard of Review

■ Rule 56(c) of the Federal Rules of Civil Procedure provides:

> [Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The purpose of a summary judgment motion is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner,* 570 F.2d 107, 111 (6th Cir.1978).

In 1986, the United States Supreme Court issued three decisions which gave new life to Rule 56 as a mechanism for weeding out certain claims at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). It is well recognized that these cases brought about a "new era" in summary judgment practice. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1476 (6th Cir.1989). The three opinions by the Supreme Court reflect a return to the original purpose of the summary judgment motion. *Id.*

■ Accordingly, the summary judgment "standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–8, 106 S.Ct. at 2510 (emphasis in original). Moreover, when a party cannot establish the existence of an element essential to that party's case on which the party will have the burden of proof at trial, the Court must enter summary judgment against that party, pursuant to Rule 56. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. Thus, in order to survive a motion for summary judgment,

> [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*"

*Matsushita,* 475 U.S. at 586–587, 106 S.Ct. at 1356. (emphasis in the original) (Footnote and citations omitted).

■ Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment if appropriate, shall be entered against the adverse party.

Accordingly, mere allegations are not sufficient to defeat summary judgment. The Court can now apply this standard to the cross motions for summary judgment filed by the parties in this action.

### *Analysis*

■ Pursuant to the Revised Interstate Commerce Act, 49 U.S.C. Section 10101, *et seq.* (the "Act"), interstate motor common carriers operating under ICC authority must file tariffs with the ICC. After such a tariff is published, the rate contained in the tariff becomes the rate imposed by law. *Southern Pacific Co. v. Bonn Alcanter & Bonn, Inc.,* 409 F.2d 1331, 1332 (5th Cir.1969). Under the Act, shippers must pay and carriers must collect the charges as set forth in the applicable tariff, according to the "filed rate" doctrine. *See Marco Supply Co. v. American Telephone and Telegraph Co.,* 875 F.2d 434 (4th Cir.1989). For its authority for re-rating the freight bills in this case, the Plaintiff is relying on the Riss tariff, ICC RISS 501–B, and Item 161 of that tariff. Item 161 outlines the Plaintiff's charges for transportation based on mileage.

■ The Defendant asserts that the Plaintiff's claims are barred by the doctrine of collateral estoppel. The Defendant argues that the tariff and the item relied upon by the Plaintiff in this case were the basis for the "undercharge" claims in other lawsuits, at least eleven of which have been decided against the Plaintiff. Thus, under the doctrine of collateral estoppel, the Defendant argues that the Plaintiff is barred from asserting undercharge claims on a tariff that

has previously been held to be void and unenforceable. By way of response, the Plaintiff argues that the validity of this tariff is not settled since one district court has ruled in favor of the validity of this tariff, and since one other decision relied upon in the case referred to by the Defendant is on appeal to the United States Court of Appeals for the District of Columbia.

The Court agrees with the Defendant that the Plaintiff is collaterally estopped from asserting its participation in the tariff at issue in this case. The eleven decisions referred to by the Defendant are relevant to this case because the issues addressed by each of the cases are identical to the issues involved in this case. Moreover, one of the eleven cases is from the Northern District of Ohio, and is thus of particular interest to this Court. *Security Services, Inc. v. P–Y Transportation, Inc.*, Case No. 1:91CV2192, 1992 WL 494608 (N.D.Ohio, Aug. 1992).

In all of the eleven decisions submitted by the Defendant, the Court found that the Plaintiff could not sustain its undercharge claim because the tariff relied upon by the Plaintiff is void as a matter of law due to the carrier's failure to participate in the applicable mileage guide tariff. Accordingly, the Court hereby **GRANTS** the Defendant's motion for summary judgment on the grounds of collateral estoppel.

Alternatively, the Defendant argues that the Plaintiff's failure to participate in the Household Goods Carriers' Bureau Mileage Guide voids, as a matter of law, certain tariffs relied upon by the Plaintiff. The Plaintiff asserts that its failure to participate in the mileage guide does not void its common carrier tariffs.

To prevail on this issue, the Plaintiff must demonstrate that the relied upon tariffs exist, that the tariffs were valid, and that the tariffs were applicable to the shipments at issue. *See, Carrier Traffic Service, Inc. v. Toastmaster, Inc.*, 707 F.Supp. 1498 (D.Ill.1988). Tariffs have the force of law only when they have been properly published. *P.R.R. v. International Coal Mining Co.*, 230 U.S. 184, 33 S.Ct. 893, 57 L.Ed. 1446 (1913); and *Norfolk & W. Ry. Co. v. B.I.*

*Holser and Co.*, 466 F.Supp. 885 (N.D.Ind. 1979), *aff'd* 629 F.2d 486 (7th Cir.1980).

The Plaintiff's tariff refers to the Household Goods Carriers' Bureau Mileage Guide as a governing publication. However, the parties agree that the Plaintiff did not participate in this mileage tariff as is required by 49 C.F.R. § 1313.27(e). Pursuant to ICC regulations, a carrier's entire tariff is void when a carrier refers to an agent's tariff, but does not effectively participate by executing a power of attorney in that agent's tariff. 49 C.F.R. § 1312.4(d). The Plaintiff argues that its failure to pay a nominal fee to the mileage guide publisher, should not void its tariff relying on one case: *Freightcor Services, Inc. v. Bowater, Inc.*, Civ. No. 0:90–1834–D, 1992 WL 535591 (D.S.C. March 20, 1992). The several decisions cited by the Defendant which are contrary to the *Freightcor* position, however, demonstrates that the law is clearly contrary to the Plaintiff's position on this point. Accordingly, the Court finds, as a matter of law, that the tariff relied upon by the Plaintiff that references Household Goods Bureau is void since the Plaintiff did not participate by executing a power of attorney in that agent's tariff. The Court hereby **GRANTS** the Defendant's motion for summary judgment on this alternative ground.

### Conclusion

The Court hereby **GRANTS** the Defendant's motion for summary judgment and **DENIES** the Plaintiff's motion for summary judgment. The Court further **VACATES** the previously set dates for a final pretrial conference and trial in this matter. This matter is hereby **DISMISSED.**

**IT IS SO ORDERED.**