[Civ. No. 63803. Second Dist., Div. One. Mar. 26, 1982.]

HAMID TALEI, Plaintiff and Appellant, v.
PAN AMERICAN WORLD AIRWAYS, Defendant and
Respondent.

**COUNSEL**

John Trapani for Plaintiff and Appellant.

Hahn & Hahn, David K. Robinson and Dennis D. Resh for Defendant and Respondent.

OPINION

SPENCER, P. J.—

INTRODUCTION

Plaintiff Hamid Talei appeals from an order of dismissal entered after the trial court sustained without leave to amend defendant's demurrer to plaintiff's first amended complaint.

STATEMENT OF FACTS[1]

The first amended complaint contains the following pertinent allegations:

On June 13, 1979, plaintiff's agent Yahya Talei delivered three Persian rugs to defendant at Teheran International Airport for shipment to plaintiff in San Francisco pursuant to air waybill No. 026-23013270. Plaintiff withdrew the three rugs from defendant's San Francisco warehouse on June 26, 1979. Subsequent examination revealed that the rugs had been destroyed and rendered worthless as a result of the effect of some chemical, water, or other substance. As soon as the destruction was discovered, plaintiff made an oral claim to defendant on October 9, 1979, which claim was rejected by letter on November 21, 1979.

CONTENTIONS

I

Plaintiff contends that the trial court's construction of the seven-day notice-of-claim provision of the Warsaw Convention as applicable to bar his action in the absence of actual notice operates as a taking of property without due process of law.

---

[1]On demurrer, all material facts properly pleaded and all reasonable inferences which can be drawn therefrom are deemed admitted. (See *Glaire* v. *La Lanne-Paris Health Spa, Inc.* (1974) 12 Cal.3d 915, 918 [117 Cal.Rptr. 541, 528 P.2d 357]; *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732].)

## II

Plaintiff asserts that the shipment at issue in his first amended complaint is not subject to the Warsaw Convention in that:

A. Destroyed goods are the equivalent of lost goods and thus are outside the terms of the convention; and

B. The present Iranian government bears no resemblance to the prior regime and hence ought not to be considered a signatory of the convention.

### Discussion

Plaintiff bases this appeal solely on the provisions of the Warsaw Convention. However, defendant's duly filed Local and Joint Air Cargo Rules Tariff No. CR-3, CAB No. 48, rule No. 23(B) contains substantially the same language as article 26, subdivision (2) of the Warsaw Convention[2] (49 Stat. 3000, T.S. 876) and the trial court considered the applicability of both. Accordingly, we address the effect of the air tariff as well as the convention.

## I

Contrary to defendant's view, plaintiff does not challenge the constitutional validity or reasonableness of the notice-of-claim provisions. Rather, the gravamen of his complaint is that the body of law which interprets the provisions as not subject to a requirement that one have actual rather than constructive notice thereof operates as a denial of due process. Hence, the issue is not one subject to the doctrine of pri-

---

[2]Article 26, subdivision (2) of the Warsaw Convention provides in pertinent part: "In case of damage, the person entitled to delivery must complain to carrier forthwith after the discovery of the damage, and, at the latest, within ... 7 days from the date of receipt in the case of goods ...."

Article 26, subdivision (4) provides: "Failing complaint within the times aforesaid, no action shall lie against the carrier, save in the case of fraud on his part."

Rule No. 23(B) states: "No action shall be maintained in the case of damage to or partial loss of cargo unless a written notice, sufficiently describing the cargo concerned, the approximate date of the damage, and the details of the claim is presented to an office of Carrier within 7 days from the date of receipt thereof, in the case of delay unless presented within 14 days from the date the cargo is placed at the disposal of the person entitled to delivery of the consignment, and in the case of loss (including nondelivery) unless presented within 120 days from the date of issue of the air waybill."

mary jurisdiction, which accords initial deference to the administrative agency charged with regulation, for it is not within the power of interpretation confided to the Civil Aeronautics Board. (See, e.g., *Nader v. Allegheny Airlines* (1976) 426 U.S. 290, 303-304 [48 L.Ed.2d 643, 654-655, 96 S.Ct. 1978].) We proceed to the merits of plaintiff's contention.

■ In any arms-length transaction, the policies to be served by a notice-of-claim limitations period are the same as those served by a statute of limitations; that is to say, each seeks to preserve a reasonable opportunity to investigate and defend. (Cf. *Georgia Fla. & Ala. Ry. Co. v. Blish Milling Co.* (1916) 241 U.S. 190, 195-196 [60 L.Ed. 948, 951-952, 36 S.Ct. 541]; *East Texas Motor Freight Lines v. United States* (5th Cir. 1956) 239 F.2d 417, 418; *Henry Pratt Co. v. Stor Dor Freight Systems, Inc.* (N.D.Ill. 1975) 416 F.Supp. 714, 715.) ■ Limitations periods represent a public policy about the privilege to litigate; they relate to matters of procedure, not to substantial rights. (*Chase Securities Corp. v. Donaldson* (1945) 325 U.S. 304, 314 [89 L.Ed. 1628, 1635-1636, 65 S.Ct. 1137].) ■ The courts have recognized the procedural nature of a limitations period in the context of the Warsaw Convention, distinguishing such provisions from those which limit or exclude liability. (*Stone v. Mexicana Airlines, Inc.* (10th Cir. 1979) 610 F.2d 699, 700; *Butler's Shoe Corp. v. Pan American World Air., Inc.* (5th Cir. 1975) 514 F.2d 1283, 1285; *Molitch v. Irish International Airlines* (2d Cir. 1970) 436 F.2d 42, 44; *Universal Computer Systems v. Allegheny Airlines* (M.D.Pa. 1979) 479 F.Supp. 639, 643; *People* ex rel. *Compagnie Nationale v. Giliberto* (1978) 74 Ill.2d 90 [383 N.E.2d 977, 982].)

In view of the clear distinction drawn by the courts, plaintiff's reliance on *Lisi v. Alitalia-Linee Aeree Italiane* (2d Cir. 1966) 370 F.2d 508 [affd. 390 U.S. 455 (20 L.Ed.2d 27, 88 S.Ct. 1193)] is misplaced. *Lisi* construed a damage limitations provision as within the meaning of article 3, subdivision (2), Warsaw Convention, which requires that notice be given of all provisions which exclude or limit liability. The court held that literal compliance with article 3, subdivision (2) was not enough, finding important policy considerations which mandated that notice actually be brought home to the customer or the provision be deemed waived. (*Id.*, at p. 511.) Without doubt, a limitation on recoverable damages relieves a defendant of a degree of liability and hence

affects a substantial right. In this respect, it is clearly distinguishable from a purely procedural limitations period. While constitutional or policy considerations may require actual notice in the former instance, they do not in the latter. To the contrary, the state affords all the process which is due when it terminates a claim for failure to comply with such a rule. (*Logan* v. *Zimmerman Brush Co.* (1982) 455 U.S. 422, 437 [71 L.Ed.2d 265, 279, 102 S.Ct. 1148].) ■ Whether the limitations period is invoked via the Warsaw Convention or defendant's air tariff, plaintiff was not entitled to actual notice on due process grounds.

■ Quite apart from the issue of whether the instant action is subject to the Warsaw Convention, it is clear that the action is governed by defendant's air tariff, rule No. 23(B). Pursuant to 49 United States Code section 1373(a), all air carriers are required to file with the Civil Aeronautics Board tariffs which contain, among other things, rules and regulations applied in connection with air transportation. A notice-of-claim limitation tariff is valid as coming within the statutory authorization. (*Emery Air Freight Corporation* v. *United States* (Ct. Cl. 1974) 499 F.2d 1255, 1261; *Universal Computer Systems* v. *Allegheny Airlines, supra*, 479 F.Supp. 639, 643; *Life Sciences, Inc.* v. *Emery Air Freight Corp.* (Fla.App. 1977) 341 So.2d 272, 273.) Valid tariffs accepted by the Civil Aeronautics Board have the force and effect of law and thereby become conclusive and exclusive of rights and liabilities. (*United States* v. *Edwards* (1st Cir. 1979) 602 F.2d 458, 462-463.) For this reason, the tariff becomes an integral part of the contract between shipper and carrier whether or not the shipper is aware of the provision. (*Eddie Dassin, Inc.* v. *Eastern Airlines, Inc.* (9th Cir. 1974) 501 F.2d 74, 75; *Tishman & Lipp* v. *Delta Air Lines* (2d Cir. 1969) 413 F.2d 1401, 1403; cf. *Nor. Pac. Ry.* v. *Wall* (1916) 241 U.S. 87, 91 [60 L.Ed. 905, 907, 36 S.Ct. 493].)

Rule 23(B) unequivocally conditions maintenance of an action on the presentation of a written claim, either within seven days from receipt of the shipment in the case of damage or within 120 days from air waybill date of issue in the case of loss. ■ Inasmuch as plaintiff's action was barred for failure to timely present a claim, whether characterized as predicated on damage or on loss, the trial court properly sustained the demurrer without leave to amend on the basis of the air tariff alone.

Accordingly, we find it unnecessary to reach the balance of plaintiff's contentions.

The order is affirmed.

Hanson, (Thaxton), J., and Bulgrin, J.,* concurred.

A petition for a rehearing was denied April 21, 1982.

*Assigned by the Chairperson of the Judicial Council.