[No. B003388. Second Dist., Div. Seven. Oct. 22, 1984.]

REPUBLIC CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SALVATORE R. DELFINO et al., Real Parties in Interest.

COUNSEL

Booth, Mitchel, Strange & Smith, George C. Mitchel, Edwin F. McPherson and Michael A. Cartelli for Petitioner.

No appearance for Respondent.

William F. Hertz II for Real Parties in Interest.

OPINION

**THOMPSON, J.**—This petition for an alternative writ of mandate arises over the issue of the statutory interpretation of the mandatory dismissal provision of Code of Civil Procedure[1] section 581a, subdivision (a). Because the amended version of section 581a governs the case at bench, we will grant the petition.

On July 18, 1978, Salvatore Delfino, plaintiff and real party in interest, suffered injuries in an explosion and fire allegedly caused by defective gasoline containers contacting a defective water heater. The fire damaged the

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

plaintiff's residence and garage. The water heater implicated in the explosion was destroyed beyond recognition.

On July 17, 1979, Salvatore and Audrey Delfino (Delfinos) filed suit for the personal and property injuries sustained in the accident. The complaint named the Van Nuys Army and Navy Stores and 50 Does as defendants.

After investigating the accident, the Delfinos filed an amended complaint naming American Standard, Inc., (American) as the water heater manufacturer; American was served on July 16, 1982. About one year later, in June 1983, information furnished by American demonstrated that American was not, in fact, the manufacturer of the allegedly defective heater. Through further investigation and development of a previously unknown witness, the Delfinos then alleged that petitioner Republic Corporation (Republic) manufactured the water heater.

On August 3, 1983, the Delfinos amended their complaint to name Republic as a defendant in place of Doe 5, and Republic was served with process on August 5, 1983. Since Republic was served more than four years after the July 17, 1979, commencement of the action, it sought dismissal of the action under section 581a. The court below denied Republic's motion. On March 27, 1984, this court ordered the court below to either grant Republic's motion or, in the alternative, to show cause as to why a peremptory writ of mandate should not be issued ordering Republic's motion be granted. After first vacating its order, the court below reinstated its order and denied Republic's motion to dismiss. Approaching the five-year deadline for bringing an action to trial (§ 583, subd. (b)), the court below set the case for trial June 7, 1984. Republic again petitioned to us. We ordered the matter stayed until we determined the merits of the petition.

*Discussion*

The sole issue before us is whether the court below abused its discretion in refusing to dismiss the action for the Delfinos' failure to serve Republic within the three-year period provided under section 581a, subdivision (a). This issue turns on which version of section 581a—the statute as interpreted in *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829], or the post-*Hocharian* amended version of section 581a— governs this case.

In *Hocharian,* the court delineated the criteria governing the mandatory dismissal provision of section 581a, subdivision (a), as then enacted. The statute then read: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

In *Hocharian,* the plaintiff, Sonya Perez, brought suit for her injuries sustained in an auto accident while driving a car leased to her employer. Perez alleged that the accident was caused by the leased car's faulty brakes. More than three years after Perez filed the action, a deposition revealed that on one occasion the car's brakes were inspected by Serob Hocharian, a Texaco service station owner. Hocharian was served with summons as a substituted Doe defendant nine weeks after the three-year period provided under section 581a had expired.

The *Hocharian* court construed section 581a to operate as a rebuttable presumption evaluated under a standard of reasonable diligence: "[I]f plaintiff fails to serve and return summons on a defendant within three years of the commencement of the action, plaintiff may be presumed to have failed to use reasonable diligence. This presumption may be overcome by plaintiff, who bears the burden of proving that he falls within an implied exception to section 581a." (28 Cal.3d at p. 722.) "[T]he critical question is whether a plaintiff used reasonable diligence in prosecuting his or her case. The particular factual context or cause of the noncompliance should not be determinative; rather, the primary concern must be the nature of the plaintiff's conduct. [Fns. omitted.]" (*Ibid.*)

The Legislature repudiated *Hocharian.* The 1982 amendment to section 581a reads: "(f) Except as provided in this section, the provisions of this section are mandatory and are not excusable, and the times within which acts are to be done are jurisdictional. Compliance may be excused only for either of the following reasons: [¶] (1) Where the defendant or cross-defendant is estopped to complain. [¶] (2) Where it would be impossible, impracticable or futile to comply due to causes beyond a party's control. However, failure to discover relevant facts or evidence shall not excuse compliance."

As Justice Kaus noted in his concurrence in *Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 243 [197 Cal.Rptr. 546, 673 P.2d 216]: "As far as section 581a is concerned, the Legislature quickly amended that statute by adding subdivision (f) to nullify *Hocharian* (Stats. 1982, ch. 600, § 1, p. 2574.) [Fn. omitted.]" Moreover, in *Westinghouse Electric Corp.* v. *Superior Court* (1983) 143 Cal.App.3d 95, 105 [191 Cal.Rptr. 549], the court stated: "By the addition of subdivision (f), the Legislature has specifically stated that for purposes of that section impossibility, impracticability or futility must be due to causes beyond a party's control. Additionally, it has stated that the time limitation therein is jurisdictional. Both of these statements are contrary to the Supreme Court's decision in *Hocharian.* [Citation.] Certainly this amendment indicates the Legislature responded swiftly and negatively to the expansion of the recognized exceptions to strict compliance with the time limitation for service of summons in section 581a."

■   We reject respondent's contention that the application of the revised version of section 581a to the case at bench constitutes an impermissible retroactive application of the statute. Because section 581a is a procedural rule (*Gonsalves* v. *Bank of America* (1940) 16 Cal.2d 169, 172 [105 P.2d 118]; see *A. T. & S. F. Ry. Co.* v. *Rollaway W. S. Co.* (1951) 101 Cal.App.2d 763, 765-766 [226 P.2d 763]), it is not subject to the general rule that statutes should not be retroactive. (See *Rutherford* v. *Board of Trustees* (1976) 64 Cal.App.3d 167, 173 [134 Cal.Rptr. 290].) "A lawsuit is governed by a change in procedural rules made during its pendency, and the suit is pending until its final determination on appeal. [Citations.]" (*Olson* v. *Hickman* (1972) 25 Cal.App.3d 920, 922 [102 Cal.Rptr. 248]; see *Pacific Coast Medical Enterprises* v. *Department of Benefit Payments* (1983) 140 Cal.App.3d 197, 204-205 [189 Cal.Rptr. 558].) "Statutes are presumed to operate prospectively. (Civ. Code, § 3.) 'A statute is not made retroactive merely because it draws upon facts existing prior to its enactment. Thus changes in procedural law have been held applicable to existing causes of action. The effect of such statutes is actually prospective in nature since they relate to the procedure to be followed in the future.' [Citation.]" (*Strauch* v. *Superior Court* (1980) 107 Cal.App.3d 45, 48-49 [165 Cal.Rptr. 552].)

The case at bench is distinguishable from the factual situation in *Nelson* v. *A. H. Robins Co.* (1983) 149 Cal.App.3d 862 [197 Cal.Rptr. 179], wherein the court refused to retroactively apply the amended version of section 581a to a dismissal motion filed prior to the effective date of the amended statute. In *Nelson,* the plaintiff filed a complaint in 1975 against a family planning clinic and five Doe defendants for injuries caused by an allegedly harmful intrauterine device. A. H. Robins Co. (Robins) was substituted for a Doe defendant in an amended complaint filed in 1978. Robins

was not served with process until 1979, more than three years after the action was commenced. In February 1980, Robins' motion for dismissal pursuant to section 581a was granted. The appellate court reversed, finding that *Hocharian* v. *Superior Court, supra,* 28 Cal.3d 714, controlled, rather than the amended version of section 581a. Significant to the court's finding was the fact that Robins' motion for dismissal was heard in February 1980, almost three years prior to the effective date of section 581a, subdivision (f): "Commencing in February 1980 plaintiff was entitled to relief from the trial court's error in failing to conduct a 'Hocharian hearing' on the motion by Robins for an order dismissing the action pursuant to section 581a, subdivision (a). For purposes pertaining to the construction of the 1982 enactment which amended the statute, the error was a 'past event' because it preceded the effective date of the enactment by almost three years. In the absence of a provision in the enactment expressly declaring or implying that it was to be given retroactive effect, it may not be construed in such manner that 'the legal effects of past events would be changed.' (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.,* quoted *supra,* 30 Cal.2d 388 at p. 394 [182 P.2d 159].) *Hocharian* therefore controls on this appeal notwithstanding the amendment of section 581a effective January 1, 1983." (*Nelson* v. *A. H. Robins Co., supra,* 149 Cal.App.3d at p. 871.)

In the case at bench, contrary to *Nelson,* the motion for dismissal was brought subsequent to the effective date of section 581a, subdivision (f). Hence, the trial court should have applied the amended version of section 581a to this case.

We find that the record is devoid of any factual showing that Republic is estopped from bringing a motion under section 581a (§ 581a, subd. (f)(1)), or that it was impossible, impracticable or futile for the Delfinos to comply with section 581a (§ 581a, subd. (f)(2)). We do not consider the question of whether the Delfinos exercised diligence in conducting discovery, for subdivision (f) explicitly provides that the "failure to discover relevant facts or evidence shall not excuse compliance."

Unless one of the exceptions listed in subdivision (f) exists, the provisions of section 581a "are mandatory and are not excusable, and the times within which acts are to be done are jurisdictional." (§ 581a, subd. (f).) Accordingly, we find that the belated service on Republic more than four years after the commencement of the action is unexcused under the terms of section 581a, subdivision (f). Thus, the trial court's order denying Republic's motion to dismiss constituted an abuse of discretion.

Republic's petition for a writ of mandate is granted.

Lillie, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied November 15, 1984.