[No. A041742. First Dist., Div. Five. Apr. 14, 1989.]

AUGUST LIEBIG, Petitioner, v.
THE SUPERIOR COURT OF NAPA COUNTY, Respondent;
LISA LIEBIG, Real Party in Interest.

COUNSEL

James E. Prosser and Babin, Seeger & Byrne for Petitioner.

No appearance for Respondent.

Malcolm A. Mackenzie, Diane M. Price, Douglas N. Akay and Coombs & Dunlap for Real Party in Interest.

## OPINION

**KING, J.—** ■■■ In this case we hold that the Legislature has the power to retroactively extend a civil statute of limitations to revive a cause of action time-barred under the former limitations period.

Petitioner August Liebig is the defendant in a suit filed by his granddaughter, real party Lisa Liebig, seeking tort damages for alleged sexual molestation. August demurred to Lisa's complaint on the ground it was filed beyond the applicable limitations period. Lisa responded that Code of Civil Procedure section 340.1, enacted in 1986, extended the limitations period for sexual molestation torts and expressly revived causes of action which were time-barred under the former period of limitations but timely under the extension. The trial court rejected August's contention that the Legislature could not effect such a revival, and overruled August's demurrer. August sought review by extraordinary writ. We summarily denied the petition, but the Supreme Court granted review and retransferred the matter with directions to issue the alternative writ. Having done so and heard oral argument, we again deny the petition.

The complaint sets forth causes of action for negligence, assault and battery, and intentional and negligent infliction of emotional distress. All causes of action arise from Lisa's allegations that August sexually molested her while acting as her baby-sitter between 1971 and 1980, while she was between the ages of five and fourteen. Lisa reached the age of majority on August 7, 1984. According to the law then in effect, the applicable statute of limitations for the torts committed during her minority was one year from the date of her attaining the age of majority, or August 7, 1985. (Code Civ. Proc., §§ 340, subd. (3), 352, subd. (a) 1.)[1] As of that date Lisa had filed no complaint against August.

---

[1] All statutory references are to the Code of Civil Procedure.

In September 1986, the Legislature enacted Assembly Bill No. 1445, which added section 340.1. (Stats. 1986, ch. 914, § 1, pp. 946-947.) The new statute extended the statute of limitations to three years from the age of majority for any lawsuit based on the sexual molestation of a child under fourteen by "a household or family member." Section 340.1 was effective January 1, 1987. Subdivision (e) of the statute provided that the new three-year period would apply not only to actions pending as of January 1, 1987, but to "[a]ny action commenced on or after January 1, 1987, *including any action which would be barred by application of the period of limitation applicable prior to January 1, 1987.*" (Italics added.) Lisa filed her complaint August 5, 1987, well past the one-year period but just within the new three-year limit.

By its terms section 340.1 expressly revives time-barred causes of action. August argues that to this extent section 340.1 is unconstitutional. He contends the legislative power to extend a civil limitations period may be exercised only prior to the period's expiration; once the limitations period expires, so does the legislative prerogative of extension. In essence, August contends the enactment of section 340.1 has deprived him of his vested right to the repose of Lisa's cause of action under the previous one-year period.

■ Were this a criminal case the issue would be simple: the time within which a prosecution may be brought may only be extended before the former limitations period expires. (*People* v. *Sample* (1984) 161 Cal.App.3d 1053, 1057 [208 Cal.Rptr. 318]; *Sobiek* v. *Superior Court* (1972) 28 Cal.App.3d 846 [106 Cal.Rptr. 516].) The rationale for this rule was recently restated in *People* v. *Sweet* (1989) 207 Cal.App.3d 78, 84 [254 Cal.Rptr. 567]: "A statute of limitations in a criminal case is a substantive, rather than procedural, right . . . [and t]he court has no authority to proceed in a criminal case once the statutory period has run. [Citing *People* v. *Superior Court (Jennings)* (1986) 183 Cal.App.3d 636, 645 (228 Cal.Rptr. 357), disapproved on other grounds in *People* v. *Morris* (1988) 46 Cal.3d 1, 18 (249 Cal.Rptr. 119, 756 P.2d 843).]" The policy underlying the rule was aptly stated by Judge Learned Hand: "Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease on life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake forgives it." (*Falter* v. *United States* (2d Cir. 1928) 23 F.2d 420, 425-426.)

■ In the civil arena the law of the "chase" is less clear. Federal law has long held that unless the passage of the statute of limitations creates a prescriptive property right, such as title in adverse possession, the Legisla-

ture is free to revive a cause of action after the statute of limitation has expired. (*Campbell* v. *Holt* (1885) 115 U.S. 620 [29 L.Ed. 483, 6 S.Ct. 209].) In *Chase Securities Corp.* v. *Donaldson* (1945) 325 U.S. 304 [89 L.Ed. 1628, 65 S.Ct. 1137], the United States Supreme Court reaffirmed *Campbell* and ruled that revival of a personal cause of action which did not involve the creation of title did not offend notions of due process. "Statutes of limitation find their justification in necessity and convenience rather than in logic. . . . They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the avoidable and unavoidable delay. . . . Their shelter has never been regarded as . . . a 'fundamental' right . . . the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control." (325 U.S. at p. 314 [89 L.Ed.2d at pp. 1635-1636].)

California law is "unsettled." (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 332, p. 362.) It is clear that in contrast to criminal cases, statutes of limitations in civil matters are procedural, not substantive. (3 Witkin, *op. cit.,* § 308, p. 337.) "Limitations periods represent a public policy about the privilege to litigate; they relate to matters of procedure, not to substantial rights." (*Talei* v. *Pan American World Airways* (1982) 132 Cal.App.3d 904, 909 [183 Cal.Rptr. 532].) Beyond this distinction the issue of revival of a time-barred civil cause of action is somewhat clouded.

August relies on a number of cases which appear to stand for the proposition that an enlargement of limitations must occur before the previous period expires. In *Chambers* v. *Gallagher* (1918) 177 Cal. 704 [171 P. 931], the Supreme Court rejected *Campbell* and ruled that the Legislature could not enact a new limitations period which effectively revived a cause of action after the original period had lapsed. The court reached a similar result, without substantial discussion, in *Mudd* v. *McColgan* (1947) 30 Cal.2d 463 [183 P.2d 10], and *Evelyn, Inc.* v. *California Emp. Stab. Com.* (1957) 48 Cal.2d 588 [311 P.2d 500]. All three of these cases, however, involved a limitations period for a liability created by statute, such as tax liability, and not by the common law. Furthermore, *Mudd* contains language suggesting that a lengthened limitations period is prospective only unless the statute provides otherwise, suggesting the Legislature does have the power to expressly revive a barred claim. (30 Cal.2d at pp. 467-468.)

In *Douglas Aircraft Co.* v. *Cranston* (1962) 58 Cal.2d 462 [24 Cal.Rptr. 851, 374 P.2d 819, 98 A.L.R.2d 298], the Supreme Court was asked to embrace the federal rule of *Campbell* and *Chase Securities,* and to limit *Chambers*'s rule against revival "to cases in which a prescriptive title has been acquired or the liability was created by statute." (58 Cal.2d at p. 464,

citation omitted.) The court sidestepped the issue of revival because the new limitations period at issue had not been made expressly retroactive to apply to time-barred actions. (*Id*. at p. 465.) To contribute to the confusion, *Douglas Aircraft* also notes, citing *Mudd,* that "It has been held *that unless the statute expressly provides to the contrary* any such enlargement [of the limitations period] applies to matters pending but not already barred." (*Ibid.,* italics added.) In *Singer Co.* v. *County of Kings* (1975) 46 Cal.App.3d 852 [121 Cal.Rptr. 398], and *Carr* v. *State of California* (1976) 58 Cal.App.3d 139 [129 Cal.Rptr. 730], which also involved claims based on statutory rights, the Courts of Appeal simply followed *Mudd* and dicta in *Douglas Aircraft* (58 Cal.2d at pp. 465-466).

Lisa contends that because these decisions involve limitations periods for statutorily created rights, such as rights to collect taxes or tax refunds or rights to file a government tort claim, they are inapposite to the revival of causes of action for common law torts. She relies primarily on *Nelson* v. *Flintkote Co.* (1985) 172 Cal.App.3d 727 [218 Cal.Rptr. 562], a decision involving the extension of the statute of limitations for asbestosis to claims already barred under the previous limitations period. After observing that a statute of limitations is procedural, and therefore not subject to the general rule against statutory retroactivity (*Republic Corp.* v. *Superior Court* (1984) 160 Cal.App.3d 1253, 1257 [207 Cal.Rptr. 241]), the *Nelson* court found "unpersuasive" defendants' claim "that by the mere expiration of time they had gained a vested right of immunity from liability which the Legislature could not properly thwart." (172 Cal.App.3d at p. 733.) The court distinguished *Chambers* on the ground that it involved a statutory, not a common law, right. "Defendants have cited no California Supreme Court cases holding that in a situation involving a statute of limitations for a common law tort, the mere lapse of time renders any legislative extension or enlargement invalid. *Chambers* . . . is distinguishable since it involved a liability created by statute and, like prescriptive property rights, these have sometimes been deemed substantive, not procedural. . . . *Douglas Aircraft* . . . specifically declined to address this issue." (*Id*. at p. 733, fn. 2.)

*Gallo* v. *Superior Court* (1988) 200 Cal.App.3d 1375 [246 Cal.Rptr. 587] lends further support to Lisa's position. In *Gallo* the court agreed that California law regarding revival was not settled (*id*. at p. 1378), but indicated that the Legislature could expressly revive a time-barred cause of action. *Gallo* interpreted section 340.3, which extended the limitations period for tort actions based on the commission of felonies. The plaintiff's causes of action had lapsed under the former limitations period, and the *Gallo* court held that they could *not* be revived by the extension. Citing *Mudd, Douglas Aircraft* and other authorities, the court reasoned that "as a rule of statutory construction, it is established that an enlargement of limitations operates

prospectively unless the statute expressly provides otherwise." (*Ibid.*) The *Gallo* court stressed that section 340.3 did not make itself expressly retroactive, and contrasted section 340.3's silence with 340.1's express language of retroactive revival: "the Legislature has used explicit language elsewhere when it intended a limitations period to take effect even for otherwise time-barred lawsuits[, such as] section 340.1, subdivision (e)(1). . . ." (*Id.* at p. 1383.)

*Gallo,* citing *Chase Securities,* also agreed there would be "no constitutional impediment to retrospective application of [a] statute reviving a civil cause of action." (200 Cal.App.3d at p. 1383.) "A potential defendant has no vested right in the sense of repose conferred by his knowledge a lawsuit against him appears to be barred." (*Ibid.*)[2]

■ Even if we were to assume arguendo that a vested right exists in repose of a cause of action, the law is clear that vested rights are not immune from retroactive laws when an important state interest is at stake. (*In re Marriage of Buol* (1985) 39 Cal.3d 751, 760-761 [218 Cal.Rptr. 31, 705 P.2d 354]; *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 592 [128 Cal.Rptr. 427, 546 P.2d 1371]; *Nelson* v. *Flintkote Co., supra,* 172 Cal.App.3d at pp. 733-736.) ■ In this case the important state interest espoused by section 340.1 is the increased availability of tort relief to plaintiffs who had been the victims of sexual abuse while a minor. While August complains that the trial court had no "evidence" of public policy before it, the identification of public policy can be as much an interpretive as an evidentiary exercise. The language of the retroactivity provision of section 340.1 indicates a clear legislative intent to maximize claims of sexual-abuse minor plaintiffs for as expansive a period of time as possible. The public policy is manifest from the text of the law.

---

[2] Notwithstanding the *Nelson* and *Gallo* decisions, August contends that he automatically achieved immunity from suit upon the expiration of the previous limitations period. He relies on *Carr,* which is distinguishable on the ground that the case involved a statutory right arising under the Government Tort Claims Act. He also relies on certain language in the *Nelson* opinion. Before concluding that the mere passage of time did not create a vested right in the expiration of a limitations period, the *Nelson* court suggested that under the peculiar circumstances of that case there may not have been an expiration at all. The court opined that the statute under review, section 340.2, provided that an asbestos cause of action remained viable until "extinguished by operation of law," which the court interpreted as a proviso, inconsistent with the general law, that no statute of limitations expires until a limitations defense has been raised and ruled on by a court. (172 Cal.App.3d at p. 732.) (For a critical discussion of this portion of the *Nelson* opinion, see *Gallo, supra,* 200 Cal.App.3d at pp. 1380-1382.) *Nelson* suggested that there may not have been an extinguishment, and thus "no problem of an impermissible retroactive revival of a barred cause of action impairing defendants' vested rights." (172 Cal.App.3d at p. 732.) This oblique phraseology seems more a response to an argument in the defense brief rather than a pronouncement that revival was "impermissible"; in any event the court proceeded to conclude that such a revival could be accomplished and the lapse of time did not create a vested right in repose. (*Id.* at pp. 733-734.)

■ We adopt the distinction made in *Nelson* between statutory and common law causes of action, and conclude that *Chambers* and its cognate cases are inapposite to the common law torts alleged in Lisa's complaint. Under the rationale of *Nelson* and *Gallo,* we hold that the Legislature has the power to expressly revive time-barred civil common law causes of action. This holding is consistent with the niche in our civil law occupied by statutes of limitations. ■ "The principle is . . . well established that '[s]tatutorily imposed limitations on actions are technical defenses which should be strictly construed to avoid the forfeiture of a plaintiff's rights. . . .' [Citation.] [T]here is a 'strong public policy that litigation be disposed of on the merits wherever possible.'" (*Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 56-57 [210 Cal.Rptr. 781, 694 P.2d 1153], quoting *Sevilla* v. *Stearns-Roger, Inc.* (1980) 101 Cal.App.3d 608, 611 [161 Cal.Rptr. 700], and *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 724 [170 Cal.Rptr. 790, 621 P.2d 829].)

The alternative writ is discharged and the peremptory writ is denied.

Low, P. J., and Haning, J., concurred.

Petitioner's application for review by the Supreme Court was denied June 22, 1989.