[No. C018471. Third Dist. Dec. 5, 1995.]

MICHAEL LENT, Plaintiff and Appellant, v.
JOHN DOE, Defendant and Respondent.

COUNSEL

Mary R. Williams for Plaintiff and Appellant.

California Women Lawyers, Dawn M. Schock and Mary Ann Soden as Amici Curiae on behalf of Plaintiff and Appellant.

Moss & Enochian, Stewart C. Altemus and Darryl L. Wagner for Defendant and Respondent.

OPINION

PUGLIA, P. J.—

I

In his complaint, plaintiff Michael Lent alleges he was sexually abused by his uncle, defendant Doe, over a three-year period beginning when plaintiff was twelve. Plaintiff filed his action in January 1994 when he was 31 years old. Defendant demurred, arguing the complaint on its face disclosed the action is barred by the statute of limitations. The trial court rejected plaintiff's theory of delayed discovery, sustained defendant's demurrer without leave to amend and entered judgment of dismissal. We shall reverse.

The period of limitations for an action based on childhood sexual abuse is set forth in Code of Civil Procedure section 340.1 (hereafter statutory references to sections of an undesignated code are to the Code of Civil Procedure). It requires an action for childhood sexual abuse to be commenced "within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later." (§ 340.1, subd. (a)) These time limits were first enacted in 1990 and were made applicable to any action commenced on or after January 1, 1991. (§ 340.1, subd. (k) as enacted by Stats. 1990, ch. 1578, § 1, p. 7550.)[1]

Section 340.1 was amended in 1994, effective January 1, 1995 (hereafter the 1994 amendments). The 1994 amendments, inter alia, expressly applied

---

[1] The 1990 statute specified the period of limitations would expire at the end of either eight years or three years depending upon "whichever occurs later." (§ 340.1, former subd. (a).) In 1994, this phrase was changed to "whichever period expires later." (Stats. 1994, ch. 288, § 1.)

the periods of lmitations in section 340.1, subdivision (a) to *"any* action otherwise barred by the period of limitations in effect prior to January 1, 1991, thereby reviving those causes of action which had lapsed or technically expired under the law existing prior to January 1, 1991." (§ 340.1, subd. (o) added by Stats. 1994, ch. 288, § 1, italics added.)

It has been held the Legislature has the power retroactively to extend the period of limitations for civil causes of action arising from childhood sexual abuse, thus reviving causes of action such as plaintiff's which theretofore were time barred under the former statute. (*Liebig* v. *Superior Court* (1989) 209 Cal.App.3d 828, 831-834 [257 Cal.Rptr. 574].)

We shall conclude that plaintiff's complaint is sufficient to withstand demurrer in that it adequately alleges that plaintiff commenced his action within three years of the date he discovered or reasonably should have discovered "that psychological injury or illness occurring after the age of majority was caused by the [childhood] sexual abuse." (§ 340.1, subd. (a).)

II

Plaintiff was born in March 1962. He commenced this action in January 1994. The complaint contains two counts: personal injury, i.e., sexual molestation, and negligent infliction of emotional distress. Plaintiff alleges he was sexually abused by defendant over a three-year period beginning when plaintiff was twelve.[2] The incidents occurred during the summer months when plaintiff stayed with his uncle and aunt for extended periods of time. The acts of molestation, which continued until approximately 1975, consisted primarily of defendant fondling plaintiff's genitals, including one incident in which plaintiff ejaculated. As a result of defendant's acts, plaintiff developed feelings of "deep shame, self-blame and self-loathing[.]" Although plaintiff never repressed his memories of the abuse, he "buried [his memories] as far as he could out of [his] conscious mind. [He] used alcohol and drugs increasingly, dropped out of high school at age seventeen, became addicted to cocaine and speed, and became an angry, alienated and sometimes suicidal person."

Plaintiff further alleges that as a result of defendant's actions, he became subject to psychological mechanisms of denial and dissociation, "which by

---

[2]In the trial court defendant moved to enjoin plaintiff from substituting defendant's real name for the "Doe" designation contained in the complaint. In opposition, plaintiff submitted a declaration further detailing his allegations of sexual abuse. Later, both parties joined in requesting the court to take judicial notice of plaintiff's declaration in ruling on the demurrer and the court did so. (See generally, *Del E. Webb Corp.* v. *Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604 [176 Cal.Rptr. 824].) We likewise take judicial notice of plaintiff's declaration in evaluating the sufficiency of the complaint to withstand demurrer. (Evid. Code, § 459, subd. (a).)

their natural operation reasonably and justifiably prevented plaintiff from being able to know the psychological and emotional injuries which were occurring and would in the future continue to occur and develop in him . . . . Said mechanisms naturally and reasonably prevented plaintiff from being able to discover that psychological injuries occurring in his adult life were causally connected to the sexual abuse, and from being able to discover the wrongfulness of defendant's conduct, until on or after approximately September 1, 1991," when plaintiff underwent counseling.

In sustaining the demurrer without leave to amend, the trial court ruled that delayed discovery did not apply given plaintiff's allegations suggesting he knew of the wrongfulness of defendant's conduct when it occurred and that he suffered appreciable injury at that time. The trial court concluded the limitations period expired on plaintiff's 19th birthday in March 1981.

### III

Prior to 1987, the period of limitations applicable to claims of personal injury, including sexual abuse, was prescribed by section 340, subdivision (3), which provides a one-year period of limitations. (*DeRose* v. *Carswell* (1987) 196 Cal.App.3d 1011, 1015 [242 Cal.Rptr. 368]; *Trube* v. *Katz* (1923) 60 Cal.App. 474, 476 [213 P. 264].) However, if the plaintiff was a minor when the one-year period would otherwise expire, the statute was tolled until the plaintiff reached the age of majority. (§§ 340, subd. (3), 352; *Debbie Reynolds Prof. Rehearsal Studios* v. *Superior Court* (1994) 25 Cal.App.4th 222, 229 [30 Cal.Rptr.2d 514] (*Debbie Reynolds*); *David A.* v. *Superior Court* (1993) 20 Cal.App.4th 281, 283 [24 Cal.Rptr.2d 537].) Under section 340, subdivision (3), plaintiff's cause of action would have expired in March 1981 when he turned 19. (See *David A.* v. *Superior Court, supra,* 20 Cal.App.4th at p. 283.)

In 1986, the Legislature added section 340.1, which prescribed a three-year limitations period for sexual abuse against a child under the age of fourteen where such abuse was committed by a member of the child's household or family. (Stats. 1986, ch. 914, § 1, pp. 3165-3166.)

In 1990, section 340.1 was amended to apply to all civil causes of action arising from childhood sexual abuse—not just those involving household or family members. The 1990 amendments extended the limitations period to within eight years of the date the plaintiff attains the age of majority or within three years of the date plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, "whichever occurs later." (Stats.

1990, ch. 1578, § 1, p. 7550.) The 1990 amendments apply to any action commenced on or after January 1, 1991. ■ "The obvious goal of amended section 340.1 is to allow sexual abuse victims a longer time period in which to become aware of their psychological injuries and remain eligible to bring suit against their abusers." (*Debbie Reynolds, supra,* 25 Cal.App.4th at p. 232.)

Plaintiff's action was commenced in 1994. The 1990 amendments were specifically made applicable to any action commenced on or after January 1, 1991. However, if section 340.1 as amended in 1990 were still the law, it would arguably have availed plaintiff nothing. His action might well have remained time-barred under section 340, subdivision (3) as of his 19th birthday in 1981 because it does not unambiguously appear the Legislature intended by the 1990 amendments to revive time-barred claims.

The 1994 amendments to section 340.1, effective January 1, 1995, reenacted the limitations periods set forth in the 1990 amendments, continued their appplicability to any action filed on or after January 1, 1991, and expanded that category of actions to include "any action otherwise barred by the period of limitations in effect prior to January 1, 1991," thereby reviving those causes of action which had lapsed or technically expired under the law existing prior to January 1, 1991. (§ 340.1, subd. (o).) To dispell any possible remaining uncertainty, the Legislature added subdivision (p) to section 340.1, which states: "The Legislature declares that it is the intent of the Legislature, in enacting the amendments to this section exacted at the 1994 portion of the 1993-94 Regular Session that the express language of revival added to this section by [these] amendments shall apply to any action commenced on or after January 1, 1991."

The legislative intent is clear. ■ The question remains whether the Legislature has the power retroactively to revive a civil cause of action time-barred under the former statute of limitations.

The federal rule has long been established. In *Campbell* v. *Holt* (1885) 115 U.S. 620, 627-628 [29 L.Ed. 483, 486-487, 6 S.Ct. 209], the court held the retroactive revival of time-barred claims is constitutionally permissible as long as it does not interfere with vested title to real or personal property. (See also *Chase Securities Corp.* v. *Donaldson* (1944) 325 U.S. 304, 314 [89 L.Ed. 1628, 1635-1636, 65 S.Ct. 1137] [reaffirming *Campbell* and holding that revival of a personal cause of action which does not involve the creation of title does not offend notions of due process: "[The] shelter [of the statute of limitations] has never been regarded as . . . a 'fundamental' right . . . ."].)

In 1985, Witkin described the state of the law in California as "unsettled." (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 332, p. 362, and authorities cited therein; see also *Gallo* v. *Superior Court* (1988) 200 Cal.App.3d 1375, 1378 [246 Cal.Rptr. 587] ["California law is unsettled regarding whether the Legislature *may* make a statute of limitations retroactive in the sense that it revives a claim which is already time-barred." (Italics in original.)].) That issue has since been addressed in *Liebig* v. *Superior Court*, *supra*, 209 Cal.App.3d 828 which considered the language of revival contained in the original version of section 340.1 which was enacted in 1986 and applied only to causes of action arising from childhood sexual abuse by a household or family member.[3] The *Liebig* court found no constitutional impediment to revival in the case of a traditional common law cause of action where, as here, the Legislature makes express its intent the law be given retrospective application: "We adopt the distinction . . . between statutory and common law causes of action, and . . . hold that the Legislature has the power to expressly revive time-barred civil common law causes of action. This holding is consistent with the niche in our civil law occupied by statutes of limitations. 'The principle is . . . well established that "[s]tatutorily imposed limitations on actions are technical defenses which should be strictly construed to avoid the forfeiture of a plaintiff's rights. . . ."' [Citation.] [T]here is a "strong public policy that litigation be disposed of on the merits wherever possible." ' [Citations.]" (209 Cal.App.3d at p. 835.)

Defendant argues *Liebig* was wrongly decided, claiming it misconstrued earlier California decisions in which the issue of extending the statute of limitations to lapsed claims was considered. We have reviewed those decisions, as well as other authorities cited in *Liebig* and by defendant, and find the *Liebig* court's conclusions regarding the power of the Legislature to revive lapsed claims are clearly supported by the authorities cited in that decision. (See also *Nelson* v. *Flintkote Co.* (1985) 172 Cal.App.3d 727, 733-734 [218 Cal.Rptr. 562].) It would serve no useful purpose to engage in a duplicative analysis. Suffice it to say defendant fails to persuade us that *Liebig* was wrongly decided and should not be followed.

■ In a related claim, defendant argues that because the trial court ruled on the demurrer prior to the effective date of the 1994 amendments to section 340.1, the trial court's order must be affirmed. We disagree. Statutes of limitations in civil actions are procedural, not substantive (3 Witkin, Cal.

---

[3]Subdivision (e) of the 1986 version of section 340.1 provided that the new three-year period of limitations would apply not only to actions pending as of its effective date, January 1, 1987, but to "[a]ny action commenced on or after January 1, 1987, including any action which would be barred by application of the period of lmitation applicable prior to January 1, 1987."

Procedure, *op. cit. supra*, § 308, p. 337; *Talei v. Pan American World Airways* (1982) 132 Cal.App.3d 904, 909 [183 Cal.Rptr. 532]), and are not subject to the general rule against statutory retroactivity. (See *Nelson v. Flintkote Co., supra*, 172 Cal.App.3d 727, 733; *Republic Corp. v. Superior Court* (1984) 160 Cal.App.3d 1253, 1257 [207 Cal.Rptr. 241].) While the 1994 amendments to section 340.1 were not in effect at the time the trial court ruled on the demurrer, the amended statute applies to this proceeding because it "was pending on appeal at the time the legislative enactment became effective." (*Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 931 [154 Cal.Rptr. 503, 593 P.2d 200] and see authorities cited therein; *Nelson v. Flintkote Co., supra*, 172 Cal.App.3d 727, 733; *Manquero v. Turlock etc. School Dist.* (1964) 227 Cal.App.2d 131, 135-137 [38 Cal.Rptr. 470].)

## IV

■ Defendant argues that even if the 1994 amendments to section 340.1 are applicable, this action is barred by those limitation provisions. As amended in 1994, section 340.1 allows an action to be commenced "within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later." Plaintiff commenced this action when he was 31 years of age, i.e., more than 8 years after the date he attained the age of majority. (§ 340.1, subd. (a).)

Nonetheless, plaintiff's action is timely if it falls within the three-year delayed discovery provisions of section 340.1. Defendant argues there can be no claim of delayed discovery given plaintiff's allegations that he suffered actual and appreciable injury at the time of the abuse, coupled with plaintiff's admission he never repressed his memory of the events.[4] We disagree.

First, whether plaintiff suffered an actual or appreciable injury at the time of the abuse is not relevant to delayed discovery claims made under the *present* version of section 340.1. (See *Marsha V. v. Gardner* (1991) 231 Cal.App.3d 265, 280-282 [281 Cal.Rptr. 473] (dis. opn. of Johnson, J.); cf. *DeRose v. Carswell, supra*, 196 Cal.App.3d at pp. 1017-1019) Subdivision (a) of section 340.1 could not be more clear: the delayed discovery provisions of section 340.1 relate to injuries occurring *after the age of majority*.

---

[4]In his declaration, plaintiff admits he never repressed his memory of the abuse, although he does claim he buried such memories "as far as [he] could out of [his] conscious mind." Plaintiff also states that after the incident wherein he ejaculated, he suffered emotionally, and was so distraught over the incident that he left defendant's residence and hitchhiked home.

(§ 340.1, subd. (a); see generally, *Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934] [In determining the intent of the lawmakers, we look first to the words of the statute; if the language is clear and unambiguous, there is no need for construction.].)

Second, that plaintiff did not repress the memories of the abuse inflicted upon him does not mean he cannot take advantage of the delayed discovery provisions of section 340.1. Nothing in section 340.1 requires that memories of abuse be repressed as a prerequisite to a delayed discovery claim.

To the contrary, to satisfy delayed discovery plaintiff need only allege the onset of psychological injury or illness after the age of majority and that he commenced his action within three years of the time he discovered or reasonably should have discovered such psychological injury or illness was caused by the childhood sexual abuse. (§ 340.1, subd. (a).)

Plaintiff has adequately pleaded facts supporting delayed discovery. Plaintiff alleges that notwithstanding the psychological injury and illness he suffered as an adult resulting from defendant's sexual misconduct, plaintiff did not discover the connection between such illness and the acts of misconduct until he began counseling in September 1991. Moreover, plaintiff has alleged numerous facts establishing the reasonableness of the delay in discovering the connection between his adult illness or injury and the childhood sexual abuse i.e. his age and relationship to defendant at the time of the abuse, the ways in which defendant used his familial relationship of trust to manipulate plaintiff into allowing the sexual touching, and how, as a result of defendant's conduct, plaintiff internalized feelings of shame and self-blame while blocking out and dissociating from those feelings, rendering him unable to perceive the injurious nature of defendant's conduct. For purposes of withstanding demurrer, such allegations are sufficient. (See *Dujardin* v. *Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 356 [138 Cal.Rptr. 20].)

We are not unsympathetic to the plight of defendants who find themselves forced to defend an action years, possibly even decades, after the alleged acts of abuse are said to have occurred. The potentially devastating impact of accusations of sexual molestation cannot be minimized, particularly when coupled with the obvious difficulty in defending an action where evidence has been lost, memories have faded, and witnesses have long since disappeared. (See generally, *Prudential-LMI Com. Insurance* v. *Superior Court* (1990) 51 Cal.3d 674, 684 [274 Cal.Rptr. 387, 798 P.2d 1230]; *Duty* v. *Abex Corp.* (1989) 214 Cal.App.3d 742, 748-749 [263 Cal.Rptr. 13].)

It is not for this court, however, to strike the appropriate balance between the policies implemented by statutes of limitation granting repose from stale

claims, and the policies favoring a remedy for victims of childhood sexual abuse the consequences of which, due to the tender age of the victims and the lingering psychological effect of the injury, will sometimes remain unredressed unless the reality of delayed discovery of its cause is recognized. The Legislature, whose prerogative it is, has resolved these competing policy considerations through the present version of section 340.1. (See *Marsha V.* v. *Gardner, supra,* 231 Cal.App.3d at pp. 283-284 (dis. opn. of Johnson, J.)) "[T]he Legislature [has] struck the balance in favor of allowing recovery of late-discovered causes of action in child sex abuse cases . . . ." (*Id.,* at p. 284.) In light thereof, it is the function of this court simply to apply the statute as written. (*Blakey* v. *Superior Court* (1984) 153 Cal.App.3d 101, 107 [200 Cal.Rptr. 52].)[5]

The judgment is reversed. The matter is remanded to the trial court with directions to overrule defendant's demurrer and reinstate plaintiff's complaint. Plaintiff is to recover costs on appeal.

Nicholson, J., and Raye, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 22, 1996.

---

[5]Plaintiff's request that we take judicial notice of the legislative history surrounding the 1994 amendments to section 340.1 is denied. Because section 340.1 is clear on its face, there is no need to consider extraneous materials. (*Delaney* v. *Superior Court, supra,* 50 Cal.3d at p. 798.)