William Earl **MALSCH** and Andrew Stuart Leyda Plaintiffs

v.

**VERTEX AEROSPACE, LLC,** Vertex **Aerospace, Inc., Raytheon Aerospace Company, Raytheon Company, Veritas Capital Management, LLC, Veritas Capital, Inc., L–3 Communications Aerotech, LLC., L–3 Communications Integrated Systems, L.P., Directly and as Successor in Interest to Raytheon Airport Integrated Systems, L–3 AIS GP Corporation, L–3 Communications Corporation, Camber Corporation and Bell Helicopter Textron, Inc.** Defendants

No. CIV.A.3:04 CV 463LN.

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 13, 2005.

---

Philip Williams Thomas, Jackson, MS, for Plaintiffs.

James J. Goodman (PHV), Jr., Balch & Bingham, LLP, Birmingham, Al, Tara P. Ellis, Balch & Bingham, LLP, David C. Dunbar, Dunbar Monroe, PLLC, Jackson, Jack F. Dunbar, Holcomb Dunbar, P.A., Oxford, for Defendants or Respondents.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Bell Helicopter Textron, Inc. (Bell) to dismiss on the basis that plaintiffs' claims herein are barred by the applicable statute of limitations. Plaintiffs have responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion is not well taken and should be denied.

Plaintiffs filed the present product liability lawsuit on February 6, 2004 seeking to recover damages for injuries they sustained in a February 14, 2002 crash of a United States Marine Corps UH–1N helicopter manufactured by Bell. The complaint alleges that plaintiffs and fellow members of the Marine Medium Helicopter Squadron 166 Reinforced were concluding a night vision device training mission when the crash occurred in the Chocolate Mountains near the California/Arizona border. Plaintiffs allege that the crash occurred "as a result of the defective manufacturing, designing, drafting of manuals and warnings, assembling, compounding, testing, inspecting, fabricating, constructing, analyzing, distributing, servicing, selling and other failures relating to the Accident Helicopter, its component parts, and the associated manuals, instructions and warnings . . . ."

In accordance with Mississippi Code Annotated § 15–1–65,

When a cause of action has accrued outside of this state, and by the laws of the place outside this state where such cause of action accrued, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state; provided, however, that where such a cause of action has accrued in favor of a resident of this state, this state's law on the period of limitation shall apply.

As neither plaintiff is a resident of Mississippi, the issues presented by the present motion are (1) where plaintiffs' cause of action accrued, and (2) whether their claims would be barred by the law of that state.

As to the first issue, Bell maintains that plaintiffs' claims accrued in California, since that is the state in which the crash occurred; and it asserts that because at the time plaintiffs' claims accrued, Califor-

nia law prescribed a one-year limitations period, it follows that their complaint, filed nearly two years after the crash, is time-barred. Plaintiffs, on the other hand, submit that California's statute of limitations is inapplicable to their claims inasmuch as it is entirely fortuitous that the crash happened in California. According to them, their claims accrued either in Texas, where the subject helicopter was designed and manufactured, or in Arizona, where the flight originated; and the conclude that since it is beyond dispute that the laws of both these states establish a two-year limitations period for products liability actions, see Tex.Code Ann. § 16.003 and Ariz.Rev.Stat. § 12–542, then their claims are clearly timely. Plaintiffs go on to argue, though, that even if the court were to conclude that California law applies, as Bell contends, their claims are nevertheless timely inasmuch as the California limitations period application to suits for personal injury was amended effective January 1, 2004, a month prior to the date on which the limitations period would otherwise have expired, to extend the limitations period from one year to two years. Plaintiffs contend that under well-established California law, they are entitled to the benefit of the longer limitations period established by the amendment and that consequently, their claims were timely filed, even under California law.

Because the court concludes, for reasons which follow, that plaintiffs are correct in their interpretation of California law, and that their claims are subject to a two-year limitations period under the laws of Texas, Arizona and California, the court need not decide (at least not at this time) the question of where plaintiffs' causes of action accrued. Turning, then, to California law, former § 340(3) of the California Code of Civil Procedure provided a one-year statute of limitations for "injury to or for the death of one caused by the wrongful act or neglect of another...." Under that statute, plaintiffs' claims would have become time-barred if not filed on or before February 6, 2003. However, in 2002, the California Legislature removed this provision from Code of Civil Procedure § 340, and added § 335.1, which changed the period of limitations for these types of injuries to two years, providing as follows:

> Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another.

This statute became effective January 1, 2003, a little more than a month before plaintiffs' claims would otherwise have been barred.

Bell asserts that since the accident at issue occurred prior to the effective date of § 335.1, plaintiffs' suit was governed by the former § 340 and would therefore be time-barred under California law because it was not filed within one year so that it must also be considered time-barred here. However, under well-established California law, the general rule is that unless the legislature expressly provides otherwise, amendments which enlarge limitations periods apply to causes of action which are not already time-barred as of the date of the amendment, which is to say, such amendments apply prospectively. In contrast, amendments extending limitations periods do not apply retroactively, i.e., to revive claims that have already become time-barred, unless the legislature expressly so provides. See Society of California Pioneers v. Baker, 43 Cal.App.4th 774, 50 Cal.Rptr.2d 865 (1996) (describing as "settled law of this state" the rule that "an amendment which enlarges a period of limitation applies to pending matters where not otherwise expressly excepted. Such legislation affects the remedy and is applicable to matters not already barred, without retroactive effect.") (quoting Mudd v. McColgan, 30 Cal.2d 463, 183

P.2d 10 (1947)); *see also Douglas Aircraft Co. v. Cranston,* 58 Cal.2d 462, 24 Cal. Rptr. 851, 374 P.2d 819 (1962) ("[I]t has been held that unless the statute expressly provides to the contrary any such enlargement [of the limitations period] applies to matters pending but not already barred.") (also citing *Mudd*). In other words, "until the limitation period has run it may be extended, but after it has run, a potential defendant may rely upon it in conducting his affairs." *Singer Co. v. County of Kings,* 46 Cal.App.3d 852, 121 Cal.Rptr. 398, 407 (1975) (citing *Mudd*).

Bell argues that neither *Mudd,* nor any of the cases citing *Mudd,* is applicable to this case since the liability at issue in *Mudd* was created by statute whereas plaintiffs' claims against Bell in this action are grounded in common law. In support of this argument, Bell relies principally on *Liebig v. Superior Court,* 209 Cal.App.3d 828, 257 Cal.Rptr. 574, (1989). This court, however, does not read *Liebig* as supporting Bell's position.

The issue in *Liebig* was one of "true" retroactivity, namely, whether the legislature had the authority to extend a civil limitations period *after* the limitations period had already expired, i.e., to *revive* a claim as to which the limitations period had already expired. The court in *Liebig* recognized there existed "a number of cases which appear to stand for the proposition that an enlargement of limitations must occur before the previous period expires," *id.,* some of which, including *Mudd,* had held, or perhaps implied, that the Legislature lacked the power to enact a new limitations period which effectively revived a cause of action after the original period had lapsed. In the course of its analysis, the court did distinguish *Mudd* and several cases citing *Mudd* on the basis that they involved a limitations period for a liability

created by statute and not by the common law. However, the court's reasoning focused solely on the relevance of this distinction as it related to the issue of legislative power to *revive* barred claims and in the court's opinion, that reasoning does not undermine applicability of the general rule of prospective application in the context of both statutory and common law claims.

The *Liebig* court observed that liabilities created by statute, as contrasted with those arising by virtue of the common law, have sometimes been deemed substantive, not procedural, so that when such substantive liability has been extinguished by limitation, a vested right of immunity from liability may arise, precluding subsequent revival by legislative fiat. *Id.* at 576 (citations omitted). In contrast, the court noted, "a statute of limitations is procedural, and therefore not subject to the general rule against statutory retroactivity." *Id.* (citing *Republic Corp. v. Superior Court,* 160 Cal.App.3d 1253, 207 Cal.Rptr. 241 (1984)). The court, in fact, made it clear that in situations involving a statute of limitations for a common law tort, there would be less reason to find that "the mere lapse of time renders any legislative extension or enlargement invalid" than in situations involving a statute of limitations for a statutory violation. *Id.* In the end, the court concluded that the Legislature did, in fact, have the power to expressly revive time-barred civil common law causes of action, a holding which it found to be "consistent with the niche in our civil law occupied by statutes of limitations."

> "The principle is ... well established that '[s]tatutorily imposed limitations on actions are technical defenses which should be strictly construed to avoid the forfeiture of plaintiff's rights....' [T]here is a 'strong public policy that

litigation be disposed of on the merits wherever possible.' "

*Id.* at 578 (citations omitted).

The court's opinion in *Baker, supra,* serves to confirm the conclusion that *Liebig*'s statutory/common law distinction is of no moment to the present inquiry, which does not involve retroactivity but rather prospective application of the extended limitations period. At issue in *Baker* was whether an amendment adding a discovery rule to a statute of limitations applied to an action for conversion, undeniably a traditional common law tort. The court concluded that because the statute of limitations had not yet expired when the statute was amended, the amendment applied to the action. *Baker,* 50 Cal.Rptr.2d at 871. In further noting that because the action "could not have been time barred at the time of the amendment and [was] subject to the amended statute," it was "unnecessary to address the argument . . . that the statute should be applied retroactively," *id.,* the court emphasized the distinction between prospective and retroactive application of enlarged limitations periods, the latter of which is not involved in this case, just as it was not involved in *Baker.*[1]

For these reasons, the court concludes that Bell's motion to dismiss based on the statute of limitations is without merit, and that motion is therefore denied.

---

1. It is for this reason that Bell's reliance on *Krupnick v. Duke Energy Morro Bay, L.L.C.,* 115 Cal.App.4th 1026, 9 Cal.Rptr.3d 767, 768 (2004), is misplaced. The issue in *Krupnick* was not whether the statute applied prospectively to claims that had not already lapsed, but rather whether § 335.1 operated *retroactively* to revive a claim as to which the one-year limitations period of former § 340 had expired prior to the effective date of § 335.1. The court noted that the California Legislature had expressly provided that the longer two-year limitations period of § 335.1 would apply retroactively to claims by victims of the 9/11 terrorist attacks, "regardless of whether that action lapsed or was otherwise barred by time under California law predating the passage of this section and Section 335.1," *id.* (citing Cal.Code Civ. Proc. § 340.10), and reasoned that since the plaintiff was not in that single class of plaintiffs for whose claims the Legislature made the amendment retroactive, the statute would not be retroactively applied to his already barred claim.

In this case, Bell argues that because the Legislature expressly provided that the new two-year statute of limitation would apply retroactively only to the victims of the attacks of September 11, 2001, the Legislature thereby expressed its intent that the new longer limitations period not apply to any other previously accrued causes of action. However, the fact that the California Legislature expressly provided for the *revival* of claims by terrorist victims that would otherwise have been time-barred does nothing to undermine the court's conclusion, consistent with settled California law, that the new two-year statute applies to claims that would not have otherwise been barred at the time of the amendment, without the necessity of a legislative proclamation to that effect.