Filed 8/20/24  Marriage of Tsatryan CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re the Marriage of ARTHUR and POLINA TSATRYAN. | B323246 |
| | (Los Angeles County Super. Ct. No. BD512645) |
| ARTHUR TSATRYAN, | |
| Appellant, | |
| v. | |
| POLINA TSATRYAN, | |
| Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dianna Gould-Saltman, Judge.  Affirmed in part; dismissed in part.

Arthur Tsatryan, in pro. per., for Appellant.

No appearance for Respondent.

———————————————

# INTRODUCTION

In May 2015 the family court entered a judgment of dissolution of Arthur and Polina[1] Tsatryan's marriage and found their residence was community property. The court subsequently awarded Polina 100 percent of the property after finding Arthur breached his fiduciary duties to Polina by executing seven deeds of trust conveying security interests in the property to his relatives on the eve of the dissolution trial, substantially encumbering all equity in the property.

In August 2016 Polina filed a complaint for fraudulent transfer and declaratory relief against Arthur and the transferees, and a summons issued in June 2017. Polina served the summons and complaint on the transferees in July 2017, and the family court entered judgments against the transferees, voiding their deeds of trust. We dismissed Arthur's appeal from these judgments for lack of standing in *In re Marriage of Tsatryan* (April 18, 2022, B305927) (nonpub. opn.). However, we subsequently vacated the default judgment entered against transferee Vyacheslav Shirinyan due to defective service of the summons and complaint. (See *In re Marriage of Tsatryan* (Sept. 22, 2022, B311072) [nonpub. opn.].)

Days after we dismissed Arthur's appeal from the judgments against the transferees, Arthur tried again to vacate the judgments by moving on April 22, 2022 to dismiss the 2016 complaint and summons (and thus vacate the judgments) against the seven transferees under Code of Civil Procedure sections

---

[1]    We refer to Arthur and Polina by their first names to avoid confusion.

583.210 and 583.250.[2]  Arthur asserted the (frivolous) argument that under those statutes the trial court was required to dismiss Polina's complaint because she failed to serve the defendants within 60 days after filing the complaint, and as a result, any subsequent proceedings and judgments were void.  Contrary to Arthur's contention—made for the first time six years after the purported failure to timely serve—sections 583.210 and 583.250 mandate dismissal of an action where a summons and complaint have not been served *within three years* of commencement of the action (not within 60 days).  It is undisputed that Polina served the summons and complaint within a three-year period.

We therefore affirm the order denying Arthur's motion to dismiss as to six of the judgments.  However, we dismiss Arthur's appeal from the denial of his motion to dismiss the complaint and summons as to Shirinyan because there is no final judgment against him.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Judgment of Dissolution and Santa Clarita Property[3]*

Arthur and Polina were married on August 5, 1987.  They separated on August 3, 2009, and Arthur filed a petition for dissolution of marriage on September 23, 2009.

---

[2]    All further undesignated statutory references are to the Code of Civil Procedure.

[3]    This is Arthur's 17th appeal from an order or judgment entered in the marital dissolution action.  Our discussion of the factual and procedural background is taken from *In re Marriage of Tsatryan, supra*, B311072.  In his opening brief, Arthur

3

After a five-day trial, on May 21, 2015 the family court[4] entered a judgment of dissolution.  In relevant part, the court found the family residence in Santa Clarita (Santa Clarita property) was community property and ordered the property to be sold and the proceeds divided evenly, subject to equalization payments.  Arthur appealed from the judgment, and we affirmed. (*In re Marriage of Tsatryan* (Feb. 13, 2018, B265467) [nonpub. opn.].)

On September 24, 2015 Polina filed a request for order partially vacating the judgment of dissolution as to the division of the Santa Clarita property.  Polina's attorney submitted a declaration stating Arthur secretly caused seven deeds of trust to be recorded against the Santa Clarita property on February 11 and 12, 2015 in favor of his friends and relatives, creating total encumbrances of $583,000.[5]

On January 26, 2016 the family court issued an order finding Arthur encumbered the Santa Clarita property in violation of the family law restraining order.  The court observed that the deeds of trust had "'no corresponding promissory notes

---

discusses numerous purported errors made by the family court during the pendency of the dissolution case (from 2013 to 2022). ~(AOB 1-21)~ These matters are not properly before us in this appeal.  This appeal only concerns the service of Polina's 2016 complaint for fraudulent transfer and Arthur's 2022 motion to dismiss that complaint.

[4]     Judge Mark A. Juhas presided over the trial and signed the judgment of dissolution.

[5]     The Santa Clarita property was appraised at $695,000 at the time of the dissolution trial.  (*In re Marriage of Tsatryan, supra*, B270784.)

4

and no loan repayment terms'" and "'[t]here is no evidence that [Arthur] received the funds from these [e]ncumbering [d]eeds.'" The court found by clear and convincing evidence that Arthur's "'egregious'" breach of fiduciary duty constituted malice, oppression, or fraud under Civil Code section 3294. (*In re Marriage of Tsatryan* (Jan 14, 2019, B207784 [nonpub. opn.].)

The family court awarded Polina 100 percent of the Santa Clarita property pursuant to Family Code section 1101, subdivision (h), and ordered Arthur to execute an interspousal transfer deed transferring his entire interest in the property to Polina as her sole and separate property. The court retained jurisdiction over the Santa Clarita property, execution of the interspousal transfer deed, and all issues related to the encumbering deeds. Arthur appealed, and we affirmed. (*In re Marriage of Tsatryan, supra*, B270784.)

B.     *Polina's 2016 Complaint for Fraudulent Transfer*

On August 2, 2016 Polina filed a "complaint in joinder" in the dissolution action asserting causes of action for fraudulent transfer and declaratory relief against Arthur and the seven transferees on the encumbering deeds: Shirinyan, Gaiane Galstian, Svetlana Gevondyan, Arkadiy Petrosyan, Karen Tsatouryan, Karina Yesayeva, and Lyudmila Yesayeva. Polina alleged that Arthur, with the cooperation of the other defendants, executed and recorded the deeds of trust encumbering the Santa Clarita property on the eve of the dissolution trial to deprive Polina of her community interest in the property. Polina sought voidance of the transfer, declaratory and injunctive relief, an attachment order, imposition of a constructive trust, and appointment of a receiver. She also sought compensatory

5

damages, punitive damages, and attorneys' fees and costs. On June 20, 2017 the superior court clerk issued a summons.

In July 2018 a registered process server served the summons and complaint by personal service on Galstian (July 18), Gevondyan (July 22), Karina Yesayeva (July 31), and Lyudmila Yesayeva (July 15); Polina filed a proof of service on August 10. On July 19 the process server served Petrosyan and Shirinyan by substituted service; on August 10 Polina filed proofs of service with declarations of due diligence signed by the process server. On July 20 the process server served Karen Tsatouryan by substituted service; Polina filed a proof of service with a declaration of due diligence on August 29.

On July 31, 2017 Lyudmila Yesayeva filed a general denial. The other six transferees filed motions to quash service of the summons and complaint, asserting various defects in service (although none argued there was undue delay in serving or prosecuting the complaint). After a hearing, on October 16, 2017 the family court[6] granted Shirinyan's motion to quash, finding the process server's declaration did not support valid substituted service. The court denied the other transferees' motions to quash.

On December 22, 2017 the family court set an order to show cause why sanctions, "including monetary sanctions and/or dismissal of the Complaint in Joinder should not be imposed against [Polina] for failure to prosecute the action." Polina filed a response stating that her attorney withdrew after she filed the 2016 complaint, but she had recently retained the services of a paralegal to help her with filings. In advance of the hearing on

---

[6]     Judge Shelley Kaufman.

6

the order to show cause, Arthur filed a motion to dismiss the summons and complaint for failure to prosecute under California Rules of Court, rule 3.1342.[7]  Arthur argued that more than two years had elapsed since the family court ordered Arthur to transfer his interest in the property to Polina and found him solely liable for the encumbrances benefiting the transferees. Arthur did *not* argue that Polina delayed in serving the summons and complaint in violation of section 583.210, and he did not move to dismiss under section 583.250.

On October 17, 2018 the family court[8] denied Arthur's motion to dismiss, finding "there has not been a delay in prosecution under [section] 583.110 et seq. sufficient to warrant dismissal."[9]

C.    *The Judgments Against the Transferees*

Galstian, Gevondyan, Tsatouryan, Petrosyan, and Karina Yesayeva defaulted, and after a prove-up trial, on February 27, 2020 the family court[10] entered a default judgment voiding the

---

[7]    California Rules of Court, rule 3.1342 sets forth procedures for filing a motion to dismiss a case for failure to prosecute under Code of Civil Procedure sections 583.410 through 583.430.  Those sections relate to discretionary dismissals when service is not made within two years (§ 583.420, subd. (a)(1)) or the action is not brought to trial within three years of commencement (§ 583.420, subd. (a)(2)(A)).

[8]    Judge Gregory J. Weingart.

[9]    The record on appeal does not show whether the family court heard or acted on the order to show cause after denying the motion to dismiss.

[10]    Judge Dean H. Hansell.

deeds of trust executed in the transferees' favor. Polina's claims against Lyudmila Yesayeva were tried in a bifurcated proceeding on January 27, 2020, and on February 27 the court entered a judgment voiding Lyudmila's deed of trust. Arthur appealed from the judgments, and we dismissed his appeal for lack of standing. (See *In re Marriage of Tsatrayan, supra*, B305927.) We held that Arthur was not aggrieved by the judgments voiding the transferees' deeds because the judgments did not require Arthur to do anything, and Arthur had no interest, pecuniary or otherwise, in the Santa Clarita property. (*Ibid.*)

After the family court quashed the summons against Shirinyan, Polina commenced a multiyear effort to serve him and then take his default. In April 2020 the clerk entered a default against Shirinyan, and after a prove-up trial, the family court entered a default judgment voiding Shirinyan's deed of trust. In November 2020 Shirinyan filed a request for order seeking to vacate the default and default judgment under section 473, subdivision (d), arguing, among other things, that he had never been properly served with the summons and complaint. The family court denied his request. Shirinyan appealed, and we reversed in part in *In re Marriage of Tsatrayan, supra*, B311072, holding that the judgment roll reflected that Shirinyan had never been effectively served with the summons and complaint. We directed the family court to vacate the default and default judgment and to set a date for Shirinyan to respond to the complaint. In the same decision, we dismissed Arthur's identical appeal from the judgment against Shirinyan for lack of standing.

8

D.    *Arthur's Motion To Dismiss the Complaint*

On April 25, 2022 Arthur filed a motion to dismiss Polina's August 2016 complaint and June 2017 summons.[11]  Citing California Rules of Court, rule 3.110(b) (Rule 3.110(b)), Arthur argued Polina was required to serve the complaint on the transferees within 60 days after filing the complaint.  Arthur cited section 583.210, subdivision (b), which requires that "*proof of service* of the summons shall be filed within 60 days after the time the summons and complaint must be served upon a defendant," and section 583.250, which provides that if *service* is not made "within the time prescribed in this article," an action may not be further prosecuted and "shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not . . . ."  (§ 583.250, subd. (a)(2), italics added.)

Arthur did not discuss the deadline for service of a summons and complaint under section 583.210, subdivision (a) (three years), instead arguing that because Polina "failed to file [a] proof of service [of the] complaint within 60 days as commanded per [section] 583.210, no summons ever existed, thus

_____

[11]    Arthur titled his motion as a "motion to vacate complaint filed on August 02, 2016, concurrently to vacate summons wrongly claimed issued and filed on 6/20/2018 due to void orders" (capitalization omitted), but he has not cited any statute that authorizes a motion to vacate a pleading (nor are we aware of any other than a motion to strike).  We therefore construe his motion as a motion to dismiss the summons and complaint under section 583.250, subdivision (a)(2).  Arthur concurrently filed a request for order (RFO) on Judicial Council form FL-300 seeking the same relief as his motion. ~(CT 8633)~ We refer to the RFO and the motion to dismiss collectively as the motion to dismiss.

9

proof of service of the summons could not be filed." (Capitalization omitted.)  He asserted Polina filed the complaint in August 2016, but she did not serve the transferees until July 2017.  And because there was no summons, Arthur argued, the court lacked jurisdiction over the parties and all subsequent proceedings were "illegal and void."  Finally, "[b]ecause the facts supporting the alleged jurisdictional defect are ascertainable by looking solely at the record, [Arthur's] motion is not barred for being untimely."

On May 20, 2022 Polina filed a responsive declaration stating Arthur lacked standing to bring a motion challenging the judgments against the transferees, citing our opinion *In re Marriage of Tsatryan, supra*, B305927.  Arthur argued in reply that he had standing because a void order is subject to collateral attack and can be set aside by the court on the court's own motion.[12]  After a hearing, on August 3, 2022 the family court[13] denied Arthur's motion without making any findings.

Arthur timely appealed.[14]

---

[12]     Arthur also filed evidentiary objections to Polina's responsive declaration, which the family court overruled. ~(CT 8869-8874; RT 2)~

[13]     Judge Dianna Gould-Saltman.

[14]     Arthur's motion to dismiss, filed six years after the complaint was filed and more than two years after judgments were entered, also raises serious justiciability concerns, including whether Arthur waived any right to seek dismissal under section 583.250 by failing to file his motion to dismiss in the family court before the court entered the February 2020 judgments against the transferees; whether Arthur had a right to seek dismissal of the complaint against the transferees without

## DISCUSSION

A.      *Mandatory Time for Service of a Summons and Complaint*

Section 583.210, subdivision (a), states that a summons and complaint "shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision, an action is commenced at the time the complaint is filed."  Section 583.210, subdivision (b), further requires that "[p]roof of service of the summons shall be filed within 60 days after the time the summons and complaint must be served upon a defendant."

Section 583.250, subdivision (a)(1), provides that "[i]f service is not made in an action within the time prescribed in this article: [¶] (1) The action shall not be further prosecuted and no further proceedings shall be held in the action. [¶] (2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties."  Sections 583.210 and 583.250 are both in article 2 of chapter 1.5 of title 8 of the Code of Civil Procedure.

Under section 583.250, subdivision (b), dismissal is generally mandatory:  "The requirements of this article are

_____

first vacating the judgments against them; and whether Arthur had standing to attack the judgments even if we were to construe his motion as a viable motion to vacate under section 473 or equitable principles.  We do not reach these issues, which have not been briefed, because as a matter of law, there simply was no statutory basis for the trial court to dismiss Polina's complaint under section 583.250.

mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (Accord, *Watts v. Crawford* (1995) 10 Cal.4th 743, 748; *State ex rel. Edelweiss Fund, LLC v. JP Morgan Chase & Co.* (2020) 58 Cal.App.5th 1113, 1120.)  However, under section 583.240, subdivisions (a) through (d), tolling of the three-year period applies in certain circumstances, including when the defendant was not amenable to process of the court; during a stay; when the validity of service is subject to litigation; and when service was impossible, impracticable, or futile due to causes beyond the plaintiff's control.  The Supreme Court has recognized based on the tolling provisions that "discretion has entered into the application of this provision so as to prevent it from being used to compel the dismissal of actions where the plaintiff has not had a reasonable opportunity to proceed to trial." (*Tresway Aero, Inc. v. Superior Court* (1971) 5 Cal.3d 431, 437 [discussing predecessor to section 583.240].)

Thus, a trial court's ruling on a contested motion to dismiss under section 583.250 is often reviewed for an abuse of discretion. (See *Busching v. Superior Court* (1974) 12 Cal.3d 44, 53 [addressing predecessor to section 583.250]; *Republic Corp. v. Superior Court* (1984) 160 Cal.App.3d 1253, 1258.)  However, where an appeal involves interpretation of a statute, the issue is a legal one that we review de novo.  (*In re Marriage of E.U. & J.E.* (2012) 212 Cal.App.4th 1377, 1389 [de novo standard of review applies to court's interpretation of a child custody statute and whether the family court applied the correct legal standard]; see *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

12

California Rules of Court, rule 3.110 also addresses the time for serving a complaint and filing a proof of service.[15] Rule 3.110(b) states that a complaint "must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint." And California Rules of Court, rule 3.110(f) addresses noncompliance: "If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed." There is no express provision for imposing any sanction for delayed service of the complaint other than a monetary sanction. (Cf. Cal. Rules of Court, rule 2.30(b) ["In addition to any other sanctions permitted by law, the court may order a person, after written notice and an opportunity to be heard, to pay reasonable monetary sanctions to the court or an aggrieved person, or both, for failure without good cause to comply with the applicable

---

[15] California Rules of Court, rule 3.110(a) states that the timing requirements of the rule do not apply to "proceedings under the Family Code." California Rules of Court, rule 5.83 has an analogous requirement that the family court must advise parties that "a proof of service of summons and petition should be filed within 60 days of case initiation." (Rule 5.83(c)(4)(A).) However, if parties do not cooperate, after 18 months "the court's obligation for further review of the case [for procedural milestone compliance] is relieved until the case qualifies for dismissal under Code of Civil Procedure section 583.210 or 583.310." (Rule 5.83(c)(3).) We assume for this appeal (without reaching the issue) that Polina's action against the transferees to void the encumbering deeds is not a "proceeding under the Family Code," although the family court retained jurisdiction over this civil proceeding.

13

rules."].) A court must grant an extension from the 60-day service rule "on a showing that service could not reasonably be achieved within the time required with the exercise of due diligence, consistent with the amount in controversy." (Gov. Code § 68616.)

B.  *Service of the Complaint Complied with Section 583.210*

On appeal, Arthur advances the same contentions he raised in his motion to dismiss. Citing sections 583.210, subdivision (b), and 583.250, and Rule 3.110(b), Arthur argues that because Polina did not serve the summons and complaint on the transferees within 60 days after filing the complaint, "as commanded" under section 583.210, "no summons ever existed, thus proof of service could not be filed." Arthur elaborates: "It is an irrefutable fact that [Polina] failed to comply with [the] mandatory statutory provision [§] 583.250, service was not made within the time prescribed in [§] 583.250" and "[a]s such no further proceedings shall be held in the action and the action must be dismissed." (Boldface and underlining omitted.) Arthur misconstrues the mandatory time requirements in sections 583.210 and 583.250, relying on section 583.210, subdivision (b), while ignoring subdivision (a), which is directly on point. His argument is frivolous.

Arthur concedes the following facts: the complaint was filed on August 2, 2016; the summons was issued on June 6, 2017;[16] and Galstian, Gevondyan, Petrosyan, Karina Yesayeva, and

---

[16]   Arthur contends the summons was "wrongly" issued due to Polina's delay in serving the complaint, but he does not dispute that a summons was issued by the court clerk on June 6, 2017. ~(See AOB 20)~

14

Lyudmila Yesayeva were all served with the summons and complaint in July 2017. Arthur disputes that Tsatouryan was ever served, but the family court expressly found she was properly served in July 2017.[17] Further, it is undisputed that Polina filed proofs of service of the summons and complaint on these six transferees in August 2017. Thus, Polina's service on these transferees occurred well within the time limits mandated by section 583.210: she served the summons and complaint within three years after filing the complaint (§ 583.210, subd. (a)), and she filed proofs of service within 60 days thereafter (§ 583.210, subd. (b)). Because Polina's service complied with the time limits in section 583.210, the mandatory dismissal requirements of section 583.250, which expressly apply only when there have been violations under article 2, do not apply here.

Arthur argues (correctly) that Polina's service of the complaint did not comport with the requirement of Rule 3.110(b) that a complaint should be served within 60 days after filing. But there is no authority for his position that noncompliance with Rule 3.110(b) prevents further prosecution of an action and mandates dismissal. To the contrary, California Rules of Court, rule 3.110(f) addresses noncompliance with Rule 3.110(b) and provides as a remedy that the court may set an order to show cause to impose monetary sanctions. Arthur's motion and opening brief conflate the 60-day service requirement under Rule 3.110(b) (with its remedy of monetary sanctions) with the 60-day proof of service requirement under section 583.210,

---

[17] Tsatouryan did not appeal from the judgment against her, and the family court's finding she was properly served is now final.

subdivision (b) (which Polina complied with), while ignoring the three-year service requirement under section 583.210, subdivision (a), for which dismissal is an appropriate remedy.

C.   *Denial of Arthur's Motion To Dismiss Shirinyan Is Not an Appealable Order*

As discussed, in *In re Marriage of Tsatryan, supra*, B311072 we ordered the family court to vacate the default and default judgment against Shirinyan because the proof of substituted service was facially defective.  Nonetheless, we deemed service to have been effectuated by his appearance, and we instructed the family court to direct Shirinyan to respond to the complaint.  We filed our decision in September 2022, after the court decided Arthur's instant motion to dismiss and after Arthur filed this appeal.  Although the record reflects that Shirinyan filed a general denial on October 12, 2022, both the appellate record and the family court docket do not indicate that a judgment has been entered against Shirinyan (or dismissing him).

Arthur's notice of appeal states Arthur is appealing from a postjudgment order under section 904.1, subdivision (a)(2), and his motion appears to seek dismissal of Polina's action against all seven transferees, including Shirinyan and the six transferees with final judgments.  To the extent Arthur is appealing from the denial of his motion to dismiss the action against Shirinyan, there is no judgment and therefore no appealable order under section 904.1, and his appeal must be dismissed.[18]

---

[18]   At the time the family court heard Arthur's motion to dismiss, the court had no reason to regard Shirinyan as

16

## DISPOSITION

To the extent Arthur appeals from the family court's order denying his motion to dismiss the action against Shirinyan, his appeal is dismissed. In all other respects, we affirm the August 3, 2022 order. The parties are to bear their own costs on appeal.

FEUER, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.

---

differently situated than the other transferees with judgments against them, let alone for the court to consider whether the deadline for serving Shirinyan was tolled under section 583.240. Consideration of the tolling factors will be a fact-intensive inquiry, and we do not express any opinion whether dismissal of the complaint against Shirinyan is compulsory under the circumstances.